THEODORE SCHERMERHORN SR. V. MARY F. MAHAFFIE, et al.— CORNELIA SCHERMERHORN, et al., V. WM. O. WILLIAMS, et al.

1. HOMESTEAD; *Void Deed.* A deed executed on July 15, 1858, by the husband alone, for a quarter-section of land occupied by himself and his wife and family as their homestead, is void.

2. REAL ESTATE; *Descent and Distribution.* Where an owner of real estate died, in 1863, one-half of such real estate passed to his widow and the other half to his children, equally; and where the widow was afterward married, and afterward, on March 11, 1882, died, one-half of her interest in such real estate passed to her husband and the other half descended to her children, equally.

3. DECREE BY CONSENT, *Not Void, When.* Where a decree is rendered by consent of all the parties, it is not void as between the parties because some other person not made a party should have been made a party, nor void because it did not give to the parties just what the petition of the plaintiff stated should be given to each of them, and what ought to have been given to each of them, nor void because it embraced causes of action which should not have been joined, nor void for fraud as against a party who was not guilty of committing any fraud and who did not get by the decree as much as he was entitled to, nor void as against an innocent party because some of the parties were minors, and their guardian *ad litem* was an attorney for still another party, who had an antagonistic interest.

*Error from Johnson District Court.*

TWO ACTIONS, one brought by *Theodore Schermerhorn sr.,* in the names of his children, against *Mary F. Mahaffie* and others, to set aside a certain decree, and for partition of real estate; the other action, a proceeding for allotment begun by plaintiff in the probate court, and by defendants appealed to the district court. Both cases were tried together before the court without a jury. On April 2, 1884, the court adjudged in the former case that the parties to this action take as set forth in its findings and conclusions, and that the same stand as its decree; that *Theodore Schermerhorn sr.* pay the costs made in the action by the minor plaintiffs and himself, and that the defendants, William O. Williams, Rosa Lee Williams, and *Mary F. Mahaffie,* (formerly Williams,) pay all the costs

by them made therein. In the latter case the court dismissed the action and adjudged costs against the plaintiff. He brings the cases to this court.

*E. B. Gill,* for plaintiff in error.

*A. Smith Devenney,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: On or about March 1, 1857, Oscar F. Williams and Sarah Williams, his wife, with their family, settled upon the northwest quarter of section 24, township 13, range 22, in Johnson county, Kansas. Said quarter-section of land contained 160 acres, and belonged to the government of the United States. Williams and his wife resided upon this land as long as they lived. On April 19, 1856, Williams purchased the land from the government of the United States, and received a certificate of purchase therefor. On July 15, 1858, Williams, for the consideration of $750, executed his individual warranty deed for the land to William Peacock, of Jackson county, Missouri. His wife did not sign the deed, or join in its execution. On July 20, 1858, Peacock, for the expressed consideration of $1, executed a warranty deed for the land to Mrs. Williams. On July 23, 1858, the foregoing deeds were recorded. On June 1, 1860, a patent for the land was issued by the government of the United States to Williams. On April 13, 1868, Jane White, who owned the southeast quarter of the northeast quarter of section 18, township 13, range 23, in Johnson county, Kansas, it being forty acres, conveyed the same by warranty deed to Williams. Late in the fall of 1863, Williams died intestate, leaving as his heirs a widow, said Sarah Williams, and three children, Mary F. Williams, who was subsequently married to George B. Mahaffie and became Mary F. Mahaffie, William O. Williams, and Rosa Lee Williams. In January, 1866, Mrs. Williams was married to Theodore Schermerhorn, and from that time forward is known as Sallie P. Schermerhorn. Schermerhorn then removed upon said quarter-section of land, and

has resided thereon with his family up to the present time. On October 23, 1878, tax deeds for the taxes of 1874, 1875, 1876 and 1877 were issued by the county clerk of Johnson county to Schermerhorn for all the foregoing land. On October 25, 1878, these tax deeds were recorded. On October 29, 1881, Mrs. Mahaffie and her husband, George B. Mahaffie, conveyed by quitclaim deed all their interest in all the foregoing land to William O. Williams.

On November 28, 1881, Rosa Lee Williams and William O. Williams commenced an action in the district court of Johnson county against their mother, Mrs. Schermerhorn, and her husband, Theodore Schermerhorn, for an accounting, and to set aside said tax deeds, and for rents and profits, and for a partition of all the foregoing lands. On December 28, 1881, the defendants answered. On March 11, 1882, Mrs. Shermerhorn died intestate, leaving as her heirs the said Williams children, her husband, Theodore Schermerhorn, and three children by Schermerhorn, born since her marriage to Schermerhorn, to wit: Cornelia Schermerhorn, Theodore Schermerhorn, and Elma Schermerhorn. On March 31, 1882, the Schermerhorn children were made parties to the action, and the plaintiff's petition was amended accordingly. On June 5, 1882, a guardian *ad litem* was appointed for the Schermerhorn children, who were minors. On June 27, 1882, the guardian *ad litem* answered for the Schermerhorn children by filing a general denial, and on the same day a decree by consent of all the parties was rendered by the court, partitioning the property between them, giving the south half of each tract of land to the Williams children, and the north half of each tract of land to Schermerhorn; and on the same day Schermerhorn, by a quitclaim deed, conveyed the south half of each of said tracts of land to the Williams children, and the Williams children, including Mrs. Mahaffie, conveyed, by a quitclaim deed, the north half of each of said tracts of land to Schermerhorn.

On January 4, 1883, Schermerhorn, in the name of his children, by their next friend J. H. Kirby, brought this pres-

ent action against the Williams children and himself, to set aside said consent decree and for partition of all the foregoing real estate. On January 8, 1883, Schermerhorn filed an application in the probate court of Johnson county against the Williams children and his own children, asking for an allotment to him of his interest in the foregoing real estate. On January 16, 1883, the Williams children filed their separate answer to the petition in the district court. On February 2, 1883, the probate court allotted a certain portion of said real estate to Schermerhorn. On February 3, 1883, the Williams children took an appeal from this allotment by the probate court to the district court, and on the same day the Schermerhorn children filed a reply, a general denial, in this present action to the answer of the Williams children in the district court. On February 8, 1883, Schermerhorn filed a separate answer in the action commenced in the district court. On March 22, 1884, both the action commenced in the district court and the proceeding for allotment commenced in the probate court and appealed to the district court, came on for trial before the district court, and both cases were heard and tried together before the court without a jury. On April 2, 1884, the court decided both these cases, making findings and rendering judgment thereon. The judgment in each case was in favor of the Williams children and against Schermerhorn and his children. Motions were made for a new trial in the action commenced in the district court, but not in the other. We suppose these motions were made in proper time, though the record hardly shows it. The court overruled the motions, and both cases have been brought to this court for review, and both were submitted to this court at this present July term, 1885; and this opinion is intended for both cases.

The first question to be considered in this case is with regard to the validity or invalidity of the deed executed by Oscar F. Williams on April 19, 1858, to William Peacock, of Jackson county, Missouri. It is claimed by the Williams children, and was held by the court below, that this deed is void under §§ 1 and 2, chapter 32, of the Laws of 1858. (Laws of 1858,

p. 236.) Section 1 of said act provides that a homestead, not exceeding 160 acres, shall be exempt from judicial process. Section 2 provides as follows:

"SEC. 2. That such exemption shall not affect any laborer's or mechanic's lien, or extend to any mortgage thereon lawfully obtained, but such mortgage or other alienation of such land by the owner thereof, if a married man, shall not be valid without the signature of the wife to the same; but nothing in this section contained shall be so construed as to affect the validity of any mortgage secured before the passage of this act, and nothing contained in this act shall be so construed as to affect the validity of any promissory note, bond or other security, for the collateral security of which any such mortgage may have been given."

The words "other alienation" in the foregoing section will apply to all alienations, and will apply to the foregoing deed

1. Homestead; void deed.

from Williams to Peacock; therefore, under numerous decisions of this court, we think the foregoing deed is void. (*Morris v. Ward*, 5 Kas. 239; *Dollman v. Harris*, 5 id. 597; *Ayres v. Probasco*, 14 id. 176, 190; *Moore v. Reaves*, 15 id. 150; *Chambers v. Cox*, 23 id. 393; *Ott v. Sprague*, 27 id. 620.)

The next question to be considered is, what interests in the land in question would belong to the Williams children and to Schermerhorn and his children, if no litigation had intervened between then? We believe there is no dispute between counsel with regard to the law of descents and distributions; and therefore, as admitted by them, when Williams died, one-

2. Real estate; descent and distribution.

half of his real estate passed to his widow and the other half descended to his children, equally; and when Mrs. Schermerhorn died, one-half of her real estate passed to her husband and the other half descended to her children, equally. Therefore it would follow in the present case, that when Williams died an undivided half of his 200 acres of land passed to his widow, and the other undivided half descended to his three children, equally; and when Mrs. Schermerhorn died, one undivided half of her undivided half-interest in said 200 acres of land, or, in other

words, one undivided fourth of said land, passed to Schermer-
horn, and the other half of her undivided half-interest, or an
undivided one-fourth of the 200 acres of land, descended to
her six children, equally. Therefore one-fourth of her in-
terest, or one-eighth of the 200 acres of land, descended to the
Williams children, and one-eighth of said land descended to
the Schermerhorn children. Therefore if all portions of the
land were of equal value, the Williams children would receive
100 acres thereof from their father and 25 acres from their
mother, making 125 acres; and Schermerhorn would receive
50 acres from their mother, his wife, and the Schermerhorn
children would receive 25 acres from their mother. We think
the real estate should have been divided in this proportion if
no litigation had occurred between the parties.

The question then arises, has any such litigation affected the
manner in which this estate should be divided? And if so,
the first question that will arise is, whether said consent decree
is valid, or not. Schermerhorn and his children claim that the
consent decree is void, while the Williams children claim that
it is valid.

In the first place, Schermerhorn and his children claim that
the consent decree is void because Mrs. Mahaffie had an in-
terest in the land and was not a party to the decree. But Mrs.
Mahaffie herself makes no complaint on this account. She,
with her brother and sister, William O. Williams and Rosa
Lee Williams, joined in conveying to Schermerhorn that
portion of the land awarded to him by the decree. Besides,
Mrs. Mahaffie has been a party to all the subsequent proceed-
ings in the district court, in the probate court, and in this
court, and she makes no complaint that the con-
3. Decree by consent, when sent decree is void, but claims that it is valid.
not void. We do not think that it can be held void for this
reason, and merely upon the claim of Schermerhorn and his
children.

Schermerhorn and his children also claim that the decree is
void for the reason that the division of the property was not
in accordance with the allegations and claims of the Williams

children's petition. The petition claimed that the division of the real estate should be substantially as we have stated that it should be; therefore while the decree was probably erroneous in not giving to the Williams children and the Schermerhorn children as much as the petition stated they should have and as much as they were entitled to, yet we do not think that the decree is void for that reason. At least Schermerhorn, who got more than both he and his children were entitled to, and consented to the decree at the time it was rendered, and executed a deed of conveyance to the Williams children for that portion of the land awarded to them by the decree, and took a deed of conveyance from them for that portion of the land which was awarded to him by the decree, and who got all the personal property by the decree, should not claim that it is void.

Schermerhorn and his children also claim that the decree is void because of a supposed irregularity in the pleadings, and because the decree was rendered by consent of the parties. It is certainly not void for these reasons.

Schermerhorn and his children also claim that the decree is void for the reason that "it embraced three separate causes of action, as set out in the petition filed by the Williams children," which should not have been joined. Now even if this were so, it would not render the decree void.

Schermerhorn and his children also claim that the decree is void, "as being a fraud-at-law upon the rights of said Schermerhorn children." It seems that in the suit in which the consent decree was rendered, the guardian ad litem for the Schermerhorn children was also the attorney for Schermerhorn; and this is the ground upon which this claim of fraud is founded. Schermerhorn and his children say in their brief, filed by them jointly in this court, (and they are represented in this court jointly by the same counsel,) that "the rights of Theodore Schermerhorn sr. were adverse to those of his children, and they should have been represented by some one else than his attorney." We think this is true. But no fraud is shown on the part of the Williams children. They did not

appoint the guardian *ad litem;* nor was he their attorney; nor did they get by the decree as much as they asked for, nor as much as they were entitled to. As before stated, if all portions of the land had been of equal value, they should have had 125 acres thereof, while the decree gave them only 100 acres. But their land was not of equal value with the other land. The other land was worth about $1,000 more than that given to them by the decree. And Schermerhorn also got all the personal property by the decree. It seems, however, that the rights of the Schermerhorn children have not been properly protected, and possibly for the reason that they were represented by Schermerhorn's attorney. But that was not the fault of the Williams children. Besides, this same misfortune has followed them all the way through. This present action was really commenced by Schermerhorn in his children's name' by their next friend J. H. Kirby. Schermerhorn paid all expenses on the side of his children, and also all on his own side. In the case commenced in the probate court, he did not even allow his children to be represented by counsel; but their counsel in the present case attended to his interests in the probate-court case. And when the present case was brought to this court, it was brought to this court by Schermerhorn and his children jointly by a joint petition in error, and the same counsel represents both Schermerhorn and his children. Now while Schermerhorn's children have possibly been unfortunate, and have possibly been defrauded, yet as no fraud can be imputed to the Williams children in any of the proceedings, the foregoing consent decree cannot be held to be void, or be set aside as to them. As between Schermerhorn and his children, it probably ought to be set aside; and probably in any proper case it would be set aside, as apparently and presumptively Schermerhorn has defrauded his children. We cannot, however, grant the Schermerhorn children any relief in this case, for the reason that they are not seeking any relief as between themselves and their father. They are seeking relief only from the Williams children, and they and their father

are united in the same petition in error, and are represented by the same counsel.

We do not think that it is necessary to say anything further in this case. No substantial error favorable to the Williams children has been committed in the case, nor has any substantial error been committed in the case commenced in the probate court. The judgment of the court below in both cases will therefore be affirmed.

All the Justices concurring.