No. 29,405.

Junius Underwood, *Appellee*, v. (John Robert Greenlees et al.), Harry Dick, *Appellant*.

(291 Pac. 777.)

Opinion filed October 11, 1930.

*C. A. Smart,* of Lawrence, for appellant Harry Dick.

*Tom Harley,* of Wichita, *George K. Melvin* and *R. E. Melvin,* both of Lawrence, for appellant and appellee John Robert Greenlees.

The opinion of the court was delivered by

Hutchison, J.: The appeal in this case is by one of the defendants, Harry Dick, from a ruling of the trial court overruling and denying his motion to vacate and set aside a default judgment entered against him, and to stay execution thereon.

The grounds of the motion relied upon and urged by the appellant are that the judgment is void: first, because the cross petition upon which it was rendered fails to state facts sufficient to constitute a cause of action against appellant; and, second, because appellee is estopped to claim that the judgment rendered

is a valid judgment because such claim is inconsistent with his application and showing to the court for permission to make appellant Dick a party defendant.

The action was originally brought by one Underwood against the appellee Greenlees for an accounting for the sale of shares of stock in the Kansas-Oklahoma Oil and Refining Company, Limited, which were owned by plaintiff but intrusted to Greenlees for sale. They were sold, but no settlement or accounting has ever been had, and the petition concludes with a prayer for a judgment of $15,200.

Before the defendant Greenlees answered, he applied to the court for permission to make others parties defendant, who were stockholders in the same company and were entitled to the same relief and subject to the same liabilities as the plaintiff Underwood, and the court granted his request and made twenty-four others parties defendant, including appellant Harry Dick. The following is a copy of that application or motion, omitting the caption:

"Comes now the above-named defendant, J. R. Greenlees, and moves the court for an order requiring that the following be made additional parties defendant, to wit: (here follows the names of twenty-four parties, including the name of Harry Dick).

"Said defendant makes said motion for the reason that parties above named were stockholders in the Kansas-Oklahoma Oil and Refining Company, Ltd., and situated in the same condition as said plaintiff, entitled to the same relief and subject to the same liabilities, if any."

The defendant Greenlees later filed his answer and cross petition. In his answer he sets up various transactions in connection with the sale and disposal of the stock and the expense incurred, concluding with a statement of balance due him from the plaintiff Underwood of $4,087.93. Throughout the answer he regularly refers to the other stockholders whose stock in the same company he held in the same way, and gives the amounts of receipts and disbursements in total sums due to or owing from them in proportion to their holdings. To this he attached an exhibit giving the names of all these stockholders whom he represented and the shares held by each and similar information tabulated as to each stockholder, and other exhibits showed total receipts and disbursements and different dates throughout the several years over which the transaction spread. The answer is followed by the cross petition, which is very short, making the allegations of the answer those of the cross petition and applicable to the codefendants as to plaintiff, alleging each of them

as stockholders was indebted to him in a proportionate sum, naming the specific sum as to each except Harry Dick, and concluding with the prayer which repeats the several names and sums, including Harry Dick, which in the prayer is $129.74.

Appellant insists that as his name does not appear in the answer and cross petition except in the caption and the prayer, there are not sufficient allegations of indebtedness against him to constitute a cause of action, especially when we are accustomed to regard the prayer as no part of the petition. It is very apparent that the specific omission from the body of the cross petition of the amount of indebtedness alleged as due from Harry Dick is purely a clerical error or omission, for the amount is stated in the cross petition as if due from the defendant immediately preceding Dick in the usual list, and the amount due from that defendant as appears elsewhere is omitted. But there is no want of allegations in the answer, which is made a part of the cross petition, to constitute a cause of action against defendant Dick.

The second paragraph of the answer refers to the "plaintiff and the other codefendants above named" being stockholders. In other places the answer speaks of his being trustee for the stockholders above named and about the distribution of such payment among said stockholders. Then there is the reference to the tabulated list of the several stockholders and their several interests as shown therein. The answer, after making such references, concludes with a statement of the total indebtedness due Greenlees from all the stockholders in the sum of $32,436.85. With all this considered as a part of the cross petition, we conclude that the cross petition states a cause of action against Harry Dick and that appellant's first point was properly overruled.

The plaintiff Underwood filed a reply to the answer of Greenlees and the issues thus raised were tried out by the court without a jury. The court made extended findings of fact and three conclusions of law in favor of the plaintiff Underwood, and rendered judgment in his favor and against defendant Greenlees for $4,859.39, and immediately thereafter on the same day rendered this judgment for $161.92 against Harry Dick, who had been personally served with summons and was in default for answer.

The second ground of appellant's motion is that appellee is estopped to claim that the judgment rendered is valid because such

claim is inconsistent with his application and showing to the court for permission to make Dick and others parties defendant.

It is very questionable as to their having been properly made parties defendant, because their obligations and liabilities as they appear from the answer and cross petition seem to be entirely several, but perhaps the court yielded to such request in order to avoid a multiplicity of suits. The reason given for the making of the request which appellant claims should now estop the appellee from claiming a valid judgment against the appellant is that appellant Dick and the other stockholders were "situated in the same condition as said plaintiff, entitled to the same relief and subject to the same liabilities, if any." These are the words of the cross petitioner to whom the court now says the plaintiff owes nothing, but on the contrary he, the cross petitioner, is indebted to the plaintiff in a sum greater than $4,000. If his representations to the court and the codefendants were true, he now owes the appellant Dick a sum corresponding with what he owes the plaintiff proportionate to the amount of stock held by each.

The appellee, by his representations to the court that the rights, obligations and liabilities of those twenty-four other stockholders were just the same as those of the plaintiff Underwood, obtained a special privilege and advantage. The court accepted such representations as reliable and a correct statement of facts or permission would never have been granted, which otherwise would require the trial of twenty-five separate and distinct suits, to try the issues in one action.

The defendant Dick had the same right to believe such representations and rely upon them as the court had. If he did, he might very properly avoid the expense of filing an answer and other expense of litigation, and await the outcome of the trial of the same issues between Underwood and Greenlees.

The elements of estoppel are plainly embraced in this situation. The taking of a judgment against any of the newly made defendants after being deprived of a judgment against Underwood is rankly inconsistent with the original representations which alone made it possible to have them made defendants. It is due the attorneys, however, to state that those taking the judgment against Dick were not in any manner connected with the case when the representations were made.

"A litigant is estopped and precluded from maintaining an attitude, with

reference to a transaction involved, wholly inconsistent with his or her previous acts and business connection with such transaction." (*Antrim v. International Life Ins. Co.,* 128 Kan. 65, syl. ¶ 5, 275 Pac. 1084.)

"Where a person has, with knowledge of the facts, acted or conducted himself in a particular manner, or asserted a particular claim, title, or right. he cannot afterward assume a position inconsistent with such act, claim, or conduct to the prejudice of another who has acted in reliance on such conduct or representations. It is upon this just and equitable principle that a person is said to be estopped to take advantage of his own fraud or wrong. The doctrine of estoppel requires of a party consistency of conduct, when inconsistency would work substantial injury to the other party." (21 C. J. 1202, 1203, 1204.)

"Where plaintiff's claim against several defendants is based on a common ground, which is put in issue by some of defendants, he must prove his claim before he can recover even against the defaulting defendants. In such case a successful defense by an answering defendant inures to the benefit even of those in default." (21 C. J. 801.)

"Where one defendant suffers a default, while the other pleads and goes to trial and defends successfully on a ground not personal to himself, his success will inure to the benefit of the defaulting defendant, and judgment must be rendered for both, and in such a case it is erroneous to render a judgment for defendants who have successfully defended the action and against those who have defaulted." (34 C. J. 152. See, also, 3 Freeman on Judgments, [5th ed.] § 1277, and *Davis v. Deal,* 115 Kan. 12, 222 Pac. 68.)

It is urged by appellee that appellant cannot avail himself of the benefit of estoppel without formally pleading it. The only paper filed by the appellant in this case is a motion to vacate and set aside the judgment. On the hearing of the motion he has a right to claim and use the admissions and representations contained in the pleadings and papers in the case by his opponent, and is not required to plead what the papers of the opposing party show. However, in the last paragraph of his motion to vacate the judgment he does refer to the prior action of the court as it affected defendant Greenlees and the other defendants, and added that now the judgment of the court is that Greenlees at the time of the commencement of the action was indebted to the plaintiff. This part of the motion could have had no significance whatever if it did not refer back to the original motion and assurances of Greenlees therein. The trial court had this matter in mind when he overruled the motion, because in his written opinion he refers to "the allegations in said motion that such codefendants had the same rights and liabilities as the plaintiff."

We think the motion of appellant properly and sufficiently raised for consideration the question of estoppel, and that appellee by his

inconsistent attitude was estopped from claiming the judgment attempted to be rendered in his favor against the appellant to be a valid judgment. ·

The judgment is reversed and the cause remanded with instructions to vacate and set aside the judgment rendered against the appellant.