No. 36,671

WILLIAM M. HUBERT, *Appellant,* v. THE BOARD OF PUBLIC UTILITIES OF KANSAS CITY and THE CITY OF KANSAS CITY, *Appellees.*

(174 P. 2d 1017)

Opinion filed December 7, 1946.

*C. D. Bruce,* of Kansas City, argued the cause, and was on the briefs for the appellant.

*William Drennan,* of Kansas City, argued the cause, and *Charles W. Lowder*

and *Otto Ziegelmeyer,* both of Kansas City, were with him on the briefs for appellee Board of Public Utilities of Kansas City.

The opinion of the court was delivered by

BURCH, J.: The appeal is from rulings sustaining demurrers of separate defendants to an amended petition filed by the appellant in which it is alleged that he was severely injured by the explosion of an electrical exhauster caused by the negligence of the Board of Public Utilities of Kansas City, Kan. The city was not a party to the action as originally brought but later was named as a necessary party defendant. Two principal questions are involved—Was the board an independent, legal entity which could be sued alone as such? If not, what was the legal effect of the city, as a necessary party, having had its demurrer to the petition sustained by reason of the appellant's failure to file with the city clerk a notice or claim in compliance with G. S. 1935, 12-105?

In the amended petition it is alleged that the city was the owner of the water and light department, which was operated by the board, and that no notice was served within the statutory period and "for that reason no cause of action is herein plead against the city . . .; but that said . . . city is a necessary party for the complete determination of the controversy . . . by reason of being the owner of said Water and Light Department." The demurrer of the city to such petition was sustained on December 13, 1945. The notice of appeal was not filed until May 2, 1946, which was four months and nineteen days after the demurrer was sustained. The statute in effect at the time (now G. S. 1945 Supp. 60-3309) allows only two months. Consequently, the appeal from the order sustaining the city's demurrer was too late and there can be no question lingering as to the liability of the city, even though appellant asserts in his specifications of error that the ruling was wrong.

From the foregoing it follows that there remains for consideration the question whether the board was an independent, legal entity and was liable alone as such for alleged negligence of its employees. In other words, was the city a necessary or indispensable party to further proceedings in the action? The case is most unusual, perhaps unique, in Kansas in that an alleged necessary party was made a party but is no longer a party to the litigation.

In the case of *Seely v. Board of Public Utilities,* 143 Kan. 965, 57

P. 2d 471, almost the identical question presented by this appeal was before this court in an action for damages predicated upon alleged negligence of the same defendants in the operation of the same municipal light and power plant. From the cited case the following is quoted:

"The principal question in the appeal and cross-appeal is whether the board of public utilities is independently liable for plaintiff's injuries, or does that liability rest on the city itself, or should it be imposed on both defendants." (p. 968.)

The opinion in the cited case refers to four of our cases in which we have considered various phases of the statutes which create a separate office ·or board of management, operation and control of the municipal water and light plant of Kansas City and thereafter states as follows:

"Nowhere in the statute do we find a *plain legislative declaration* which relieves the city of damages to persons or property caused through the negligent operation of the electric-light plant, nor does the statute *specifically transfer* and impose such liability upon the board of public utilities as a wholly independent legal entity . . ." (Emphasis supplied.) (p. 972.)

The opinion in the cited case also calls attention to the fact that even though the municipal plant was being operated at a profit and had a substantial surplus on hand, nevertheless the city would be liable for the payment of any judgment which might be obtained against the board by reason of the negligent operation and management of the utility on the part of the board. We also held therein that a ruling relieving the city from liability as a separate entity would involve constitutional questions of no little gravity. The opinion closes as follows:

"This court holds that the city of Kansas City was both a proper and a necessary party to this action, and that the board of public utilities was and is a quasi-legal entity properly impleaded in this action and sufficiently qualified to participate in this litigaton (*Board of Library Directors v. City of Fort Scott,* 134 Kan. 586, 7 P. 2d 533), and to be guided by the judgment to the extent that it may satisfy the same out of its available surplus, failing which the city must provide for. the payment of the judgment as in all cases where liability is judicially imposed on a municipality." (p. 973.)

The ingenious and industrious counsel for the appellant has called our attention to certain statutes which he contends apparently were not considered by this court in reaching its decision in the case of *Seely v. Board of Public Utilities,* supra, and to the fact that applicable statutes were amended or enacted by the legislature by

chapter 142 of the Laws of 1941 and again by chapter 129 of the Laws of 1945 (now respectively G. S. 1945. Supp. 13-1253, 13-1254, 13-1255, 13-1258, and 13-1269 to 13-1273, inc.). We have carefully considered and analyzed the cited statutes and again are unable to find in them any plain legislative declaration which relieves the city of damages to persons or property caused by the negligent operation of an electric light plant or parts of the system. In view of the language of our decision in the case of *Seely v. Board of Public Utilities,* supra, surely the legislature would have expressed itself in clear language if it had desired to transfer and impose such liability specifically upon the Board of Public Utilities as a wholly independent legal entity. It has not done so and courts and counsel would not be aided by our considering step by step and word by word the changes and additions made in and to the applicable statutes by the legislature subsequent to our opinion in the Seely case, *supra.* We are unable to agree with counsel for the appellant that it has been the desire and intent of the legislature to relieve the city from the liabliity declared by our decision in the cited case.

As a consequence it must follow that if the appellant in the instant case obtained a judgment for the $25,000, which is the amount prayed for, the city would become liable for all or any part of the same which might not be recovered from the board. Consequently, substantial rights of the city are involved which are not separable from the liability which might be imposed upon the board. If the city could be made to pay the entire judgment or any part thereof which might be obtained, it cannot be said that its interests would not be antagonistic to the appellant and that its rights would not be seriously affected by the judgment. In 39 Am. Jur. 902, § 35, it is stated:

"Necessary parties defendant include those who have such an interest in the controversy that a final decree cannot be made without either affecting that interest or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience— those who are classed as indispensable parties, without whom the court will not proceed to final decision. One whose interest is antagonistic in practically every aspect to interests of other parties must be made a party defendant; otherwise, the action cannot proceed."

Later in the text will be found the following statement:

"The third class includes all those whose interests in the subject matter. of the suit and the relief sought are so bound up with those of the other parties that their legal presence as parties to the proceeding is an absolute

necessity, without which the court cannot proceed. In such cases the court refuses to entertain the suit when these parties cannot be subjected to its jurisdiction. In this class, such persons are necessary and indispensable parties." (p. 905, § 36.)

Earlier in the text will be found the following statement:

"The burden of procuring the presence of all such indispensable parties is on the plaintiff." (p. 884, § 25.)

From 47 C. J. 171, § 317, the following is quoted:

"The effect of an order striking out the name of a defendant is as if such defendant had never been a party."

In 20 R. C. L. 704, § 44, the rule will be found stated as follows:

"If the interests of those present and those absent are inseparable the obstacle is insuperable."

The legal result which must follow is that the appellant is confronted with an insurmountable legal obstacle arising by reason of his inability to maintain the action against the city. Since the city is a necessary and indispensable party, the fact that the appellant can no longer proceed with litigation against the city because of the failure to appeal within time from the ruling sustaining the city's demurrer results in the abatement of the action. As hereinbefore stated, we do not reach for decision in this particular case the question whether the district court's ruling upon the city's demurrer was correct.

The rulings of the district courts sustaining the demurrers are affirmed.