No. 38,120

A. A. HOFSTETTER and DOSSIE HOFSTETTER, Husband and Wife, *Appellees*, v. GEO. M. MYERS CONSTRUCTION, INC., a corporation, *Appellant.*

(227 P. 2d 115)

Opinion filed January 27, 1951.

*James B. McKay, Jr.,* of El Dorado, argued the cause and *J. B. McKay* and *Gale Moss,* both of El Dorado, were with him on the briefs for the appellant.

*R. M. Bond,* of El Dorado, argued the cause and L. J. Bond, of El Dorado, was with him on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages alleged to have been suffered when dust and soot escaped from an asphalt plant and were blown onto the premises of plaintiffs. The trial court sustained plaintiffs' demurrer to an amended answer of the defendant. The defendant has appealed.

The action was started on January 5, 1949, in the county court of Butler county. The amended petition alleged that the defendant owned and operated a portable asphalt plant; that it mixed hot asphalt and crushed rock, which mixture was poured into a revolving drum, to which was connected a blower, which blew dust and fine particles of rock, smoke and soot through the stack and it was blown upon the home, trees, shrubs and other property belonging to the plaintiffs; that the plant had been operated intermittently for about a month prior to November, 1948; that plaintiffs' home was about 300 yards from the plant and it was impossible for them to live in it without having their windows and doors tightly closed; that when defendant was about to install this plant at this place, plaintiffs and other parties requested its manager to install it in a less populated area; that they were advised the plant would not

cause them damage or discomfort because it had a dust collector attached to it. The petition then alleged that the mixture of dust and oil and other fine particles of soot and smoke were injurious to the plaintiffs' health; that Mrs. Hofstetter suffered from bronchial asthma and this smoke and soot aggravated her bronchial asthma; that they were unable to keep their home and furniture clean; that it was necessary for them to repaper their house and to clean and refinish their household goods; that they had been deprived of the use of their screened-in porch; that they suffered much discomfort and damage because they had to keep the home closed during the time the plant was operating; that Mrs. Hofstetter could not do her washing and could not keep their yard neat and clean; that the plant was no longer being operated at that location but plaintiffs had suffered property damage in the amount of $785 and $200 damages for discomfort, inconveniences, worry and injury to their health.

On February 12, 1949, the defendant demurred to this petition. The demurrer was overruled.

The defendant's answer was a general denial. A jury was waived and the court gave judgment for plaintiffs for $408.30 on June 15, 1949. This judgment was appealed. In the district court the defendant moved the court for permission to file instanter a supplemental answer. This permission was given. This answer alleged that on June 28, 1949, the plaintiffs in this case and other plaintiffs filed an action in the district court of Butler county, in which they sought a temporary restraining order and permanent injunction to restrain the asphalt plant, the operation of which was the subject matter of this action, from operating; that this action was tried on its merits and on November 27, 1949, the district court made findings of fact and conclusions of law and subsequently entered judgment denying all motions and requests made by both plaintiffs and defendant to set aside findings except to include the words "and are inconvenienced thereby" at the end of one finding, and the plaintiffs had not filed any motion for a new trial and these findings were binding upon the plaintiffs in this action. The pleadings and files in the damage action were made a part of the answer. It was alleged that the cause of action sought to be litigated in the case we are considering should have been litigated in the action for an injunction and the plaintiffs were barred and estopped from maintaining this action. The second amended petition in the injunction action was made a part of the supplemental answer by reference.

This amended petition alleged the location of the asphalt plant; about how it caused disagreeable, obnoxious and unhealthy odors to permeate the homes and houses of plaintiffs and to settle upon the plants, trees and other vegetation on the lands of plaintiffs; made it necessary to close the doors and windows; that closing the windows did not keep out the dust, soot and smoke and the cleaning and removing this dust had worn and deteriorated plaintiffs' home and furnishings and that the particles of soot and dust irritated the lungs and nasal passages of the plaintiffs. The prayer was for an order restraining defendant from operating the asphalt plant at its. present location.

In answer, the defendant George M. Myers, Inc., denied every material allegation except that it admitted it was operating the asphalt plant; alleged the plant was located upon the real estate of the railroad company's right of way and it denied its operation resulted in any damage or injury to any of the plaintiffs; denied that any soot, smoke, asphalt, oil or noxious or obnoxious fumes or odors were discharged into the air; stated that plaintiffs, and each of them, lived along a dirt and gravel highway in the vicinity of the plant and in a slightly northeasterly direction from the location of the plant and the closest being approximately 800 feet and the farthest being approximately one-fourth mile from the plant; stated it did emit some dust into the air; that before this dust could reach the homes of any of plaintiffs the wind direction had to be within an arc of approximately 15 degrees of a general south-southwesterly direction and of sufficient velocity to carry the dust from the plant to their homes; alleged that the product of the plant was used in the making of public streets and highways; that if operating conditions should permit and there was a market for this product in El Dorado sufficient to warrant its operation, the plant would be operated; that the plant was equipped with the most efficient dust collectors recommended by the manufacturer and its operation was seasonal and was not a continuous day to day operation. The answer also alleged that if plaintiffs were damaged by reason of any smoke or obnoxious or noxious odors or fumes that they came from the daily operation of the coal burning switch engines and locomotives in the railroad yard and burning done at the city refuse dump located south of the homes of plaintiffs and if plaintiffs were damaged, annoyed or inconvenienced by the dust it came from the dirt and gravel on the highway and if the plaintiffs had been dam-

aged by reason of the operation of the hot asphalt mixing plant of defendant they had an adequate remedy at law against defendant.

The court found that the plant was located as alleged in the petition and also that the dirt and gravel roads ran past the plant and the homes of all plaintiffs; that no asphalt spray escaped into the free air; that the plaintiffs would, if the wind direction were right, and the wind velocity sufficiently strong, have dust which escaped from two stacks blown upon them and would be inconvenienced thereby; that the wind must be from the direction of between 190 degrees and 220 degrees to carry dust from the plant to plaintiffs' property; that the dust escaping from the stacks of the plant was dry; that it contained no oil, asphalt or fats or other sticky substances; that the plant produced no noxious odors or fumes; produced no soot or smoke and the dust produced by the plant was the dust common to the community; that the plant was efficiently operated; that the main line of a railroad ran parallel to plaintiffs' property approximately 600 to 700 feet west thereof; that the plaintiffs had some dust, smoke, noise and odors throughout each year from the road, two railroads and the city dump; that the plaintiffs had not been quilty of negligence in the operation of the plant and its operation was seasonal.

The conclusions of law in that case were that the defendant should be enjoined from operating the plant at such times and manner that the dust coming therefrom would injure, molest or interfere with plaintiffs in the peaceable quiet enjoyment of their property. Judgment was entered in accordance with those findings. It should be stated here that all the foregoing was a part of the supplemental answer filed in this action.

The plaintiffs demurred to this supplemental answer on the ground it did not state facts sufficient to constitute a defense to plaintiffs' cause of action, as set out in their petition, and for the further reason that the allegations contained in the supplemental answer were wholly irrelevant and immaterial. This demurrer was sustained and the defendant has appealed.

The defendant argues that once these facts have been litigated in the injunction action they should not have to be tried again in this action and the findings made there should be binding upon both of the parties in this litigation.

Briefly stated, we have a situation where a party had sued another for damages in the county court and while that action was pending

on appeal to district court, together with other parties, brought and carried to final judgment another action to enjoin the defendant in the damage action from carrying on the activity upon which the damage action was based.

We have seen the trial court in the injunction action found many of the issues of fact adversely to the contentions of the plaintiffs in the damage action. Defendant's position is that when it pleaded the final judgment in the injunction action it thereby stated a defense to the plaintiffs' action for damages.

All concede the soundness of the rule that where a cause of action has been once litigated it cannot in a subsequent action between the same parties be relitigated.

The question with which we are confronted, however, is whether under the peculiar circumstances the judgment in the later injunction action is *res judicata* of the issues in the earlier damage action.

The rule as to when one judgment is *res judicata* of the issues in another action was stated as follows in *A. T. & S. F. Rld. Co. v. Comm'rs of Jefferson Co.,* 12 Kan. 127:

> "To make a matter *res judicata* there must be a concurrence of the four conditions following, namely: 1st, Identity in the thing sued for. 2d, Identity of the cause of action. 3d, Identity of persons and of parties to the action. 4th, Identity of the quality in the persons for or against whom. the claim is made."

This has been reaffirmed in *Rea v. Telephone Co.,* 87 Kan. 665, 125 Pac. 27. (See, also *Rea v. Telephone Co.,* 88 Kan. 82, 127 Pac. 603; also *Atchison & Eastern Bridge Co. v. Atchison County Comm'rs,* 150 Kan. 24, 91 P. 2d 34.) We need only ascertain whether these two actions come within this rule.

In the first place, the parties are not identical. The damage action was brought and tried in the county court and is pending in the district court in the name of Mr. and Mrs. A. A. Hoffstetter only. The subsequent injunction action was brought and carried through by Mr. and Mrs. A. A. Hoffstetter and eight other persons. While two of the parties are the same the fact there are eight other parties in the injunction action prevents holding that the parties in the two actions are identical. In the second place, there is no identity in the causes of action. The petition in the damage action charged defendant with having, during a month prior to November, 1948, until the second week in that month, all prior to January 5, 1949, so operated its asphalt plant as to damage plaintiffs. The action was to recover these damages. Final judgment in that action was entered

in the county court on March 2, 1949. The judgment was of necessity based on acts and conduct of defendant prior to that time. The plaintiffs could not ask for damages on account of future conduct of defendant. The defendant appealed that judgment to the district court on March 9, 1949. Nothing more was done in that action until almost a year later, when permission to file the supplemental answer was asked and granted. In the meantime, according to the supplemental answer, the injunction action had been commenced on June 28, 1949. It was carried through to a final judgment on December 27, 1949. The cause of action sued for in that action was the manner in which defendant had been operating its plant during the time covered by the pleadings, that is, from June, 1948 to August 6, 1949. It will be noted most of this period of time was subsequent to the date when the judgment was entered in the damage action. It is true the petition in the injunction action alleged that the plaintiffs had suffered damages from the operation of the machine. However, in order to state a cause of action for an injunction it was necessary that the petition further state "and will continue to suffer such damages in the future if said machine is continued in operation."

The findings of fact in the injunction as to the manner in which the asphalt plant was operated were all in the present tense except the finding that the defendant had not been guilty of negligence in the operation of the plant. In this connection it should be noted the plaintiffs in the damage action did not predicate their cause of action on the negligence of defendant.

For anything that appears in this record the manner in which the plant was operated, which plaintiffs in the damage action argued damaged them, could have been corrected by the time the injunction action was tried.

The situation here is analogous to that in *Stroup v. Pepper,* 69 Kan. 241, 76 Pac. 825. That was an ejectment action where the defendant claimed the rights of a mortgagee in possession. We held:

"In an action of ejectment defendant claimed the rights of a mortgagee in possession. Plaintiff showed that in a prior suit between the same parties defendant in the ejectment action sought to foreclose the mortgage relied on to justify possession, but it appeared that, after setting it up as a cause of action, all reference to it was stricken from the pleadings by the court because of improper joinder of causes of action. *Held,* that, although the mortgage might have been foreclosed in the equity suit, the rights of the mortgagee were not actually determined, and that the decree therein did not affect the rights of defendant as a mortgagee in possession in the subsequent ejectment action."

That decision was cited by us in *Chanute Brick & Tile Company v. The Gas Belt Fuel Company*, 89 Kan. 177, 130 Pac. 649 a *per curiam* opinion. There we said in part:

"The only issue litigated in the former action was whether the brick company was entitled to certain equitable relief. The question of damages for failure to furnish gas was not considered. The former judgment therefore could not be pleaded as a defense to the present action. (Stroup v. Pepper, 69 Kan. 241, 76 Pac. 825.) The evidence in the first suit would not have tended to sustain the issue here."

There, as here, the only issue litigated in the injunction action was whether the plaintiffs in that action were entitled to certain equitable relief. The question of damages for the period of time for which damages were claimed in the damage action was not litigated. Without deciding whether an action for damages and an action for an injunction may be joined, suffice it to say that they were not joined in this case and in the injunction action there was no claim for damages, no evidence as to damages and no finding as to damage. The demurrer to the supplemental answer was correctly sustained.

Defendant next argues his demurrer to plaintiffs' petition should have been sustained because several causes of action were improperly joined. The action was brought in the name of a husband and wife to recover for damages to their home. What defendant refers to as different causes of action are merely different items of this alleged damage. The demurrer was properly overruled.

The judgment of the trial court is affirmed.