No. 44,792

Joe Burnison, *Appellant,* v. W. D. Fry and Norma Fry, *Appellees.*

(428 P. 2d 809)

Opinion filed June 10, 1967.

*Archie T. MacDonald* and *H. Dean Cotton,* of McPherson, argued the cause and were on the brief for the appellant.

*Evart Mills,* of McPherson, argued the cause and *Michael T. Mills,* of McPherson, was with him on the brief for the appellees.

The opinion of the court was delivered by

Fromme, J.: This appeal concerns two actions to recover crop damage and to enjoin maintenance of a diversion ditch which the plaintiff Joe Burnison alleges was unlawfully constructed by defendants to change the natural flow of water from defendants' premises.

The defendants, W. D. Fry and Norma Fry, are husband and wife. Their farm is on higher ground than plaintiff's farm. Surface water from rainfall on defendants' farm flows to a diversion terrace and is carried into a watercourse. The water follows this watercourse across a road separating the two farms. After crossing the road the water flows onto plaintiff's farm. During periods of heavy rainfall a seven acre field owned by plaintiff is inundated by surface water.

Litigation between these parties began in 1961. Plaintiff brought an action against the defendant, W. D. Fry, to enjoin maintenance of the diversion ditch. After a complete trial of the action an injunction was denied. No appeal was taken from the judgment entered on August 11, 1961. We will refer to these proceedings as the injunction action.

In 1963 plaintiff brought an action against the defendants, W. D. Fry and Norma Fry, his wife. This action was brought to recover for crop damage occurring in 1961 and in 1962 caused by flooding a seven acre field belonging to plaintiff. We will refer to these proceedings as the 1963 action.

In 1964 plaintiff brought an action against the defendants to recover for crop damage occurring in 1963 and in 1964 caused by flooding plaintiff's seven acre field. A second count in the petition sought equitable relief by way of injunction against the wrongful diversion of surface water. We will refer to these proceedings as the 1964 action.

After the issues were joined the 1963 action and the 1964 action were consolidated for trial by agreement of all parties. Defendants' motion for summary judgment was denied. During pre-trial proceedings the trial court determined that one issue raised by plaintiff in both the 1963 and 1964 actions, i. e., the unlawful construction and maintenance of a diversion ditch on defendants' premises, was finally adjudicated in the prior injunction action. The lower court held plaintiff was limited in the 1963 and 1964 actions to proof of damages arising by reason of changes in the ditch occurring since the judgment was entered in the injunction action.

This appeal was taken pursuant to K. S. A. 60-2102 (b) which provides for interlocutory appeals under special requirements enumerated in the statute, including permission to be granted by this court. Permission was granted by this court to take the appeal.

A single question is determinative. Does the judgment rendered in 1961 estop the plaintiff from recovering for damage to crops alleged to have been caused by the construction and maintenance of the ditch, except for those changes occurring in the ditch since the date of the judgment in the injunction action? In other words does the prior judgment bar the plaintiff from relitigating the issue of the tortious or unlawful construction of the diversion terrace in 1960.

In the prior injunction action the plaintiff alleged the defendant,

W. D. Fry, had wrongfully constructed a diversion ditch upon defendant's land which diverted and increased the natural flow of surface water onto plaintiff's land, inundating a seven acre field and rendering it unsuitable for cultivation or use. Defendant answered, admitted ownership of the land, alleged the diversion terrace was properly constructed under the direction of the United States Soil Conservation Service, stated the terrace emptied into a natural watercourse on defendant's land and the natural flow of surface water was not changed or diverted onto plaintiff's land.

After a complete trial of the case the court, on request of counsel, made findings of fact. The facts upon which the injunction was denied included these which we have taken from the findings and judgment entered by the court in that action. The plaintiff is the owner of a certain described farm. The defendant, W. D. Fry, is the owner of an adjacent farm. Both farms are identified by legal description. The defendant's farm is on higher ground and the natural flow of surface water from defendant's land crosses a road in a natural watercourse and proceeds onto plaintiff's land. During periods of heavy rainfall a seven acre tract of cultivated land owned by plaintiff is flooded. The defendant's land is all in a soil conservation district. The employees of the district supervised the installation of a dam and a diversion ditch on defendant's farm in the spring of 1960. At this time the natural watercourse which previously carried the surface water to the road separating the two farms was cleaned out, widened a little and deepened some. The terrace and earthwork were properly constructed on defendant's property in accordance with the provisions of G. S. 1959 Supp. 2-1902 (K. S. A. 2-1902 D) to carry out the legislative intent expressed in this statute.

This statute is generally referred to as the "Soil Conservation District Law." The purpose declared in the act is to conserve soil resources and control and prevent soil erosion and reduce flood damages by providing engineering operations such as construction of terraces, detention dams and channel improvements.

The court in its findings adopted the testimony of an engineer for the soil conservation district who testified that by reason of low gradient in the terrace or ditch on defendant's property the water would flow slower and more evenly from defendant's land through the natural watercourse onto plaintiff's land and would carry less silt and sediment. The earthwork would thus materially benefit plaintiff.

The court found no damage was caused to the plaintiff by the defendant's earthwork. The injunction prayed for was denied.

In the 1963 and 1964 actions plaintiff alleges the same earthwork and diversion ditch was unlawfully constructed by defendants and states:

"That since (about) November 3, 1960, no major changes have been mechanically constructed in said ditch to plaintiff's knowledge."

He charges that by reason of construction and maintenance of the diversion ditch and the silt accumulation in defendants' pond, surface water has been diverted and discharged upon plaintiff's land with increased force and volume and has damaged the crops on his seven acre field. The prayer is for actual and punitive damages and for an injunction to require defendants to cease the diversion of surface water.

The defendants answer and state the diversion terrace was lawfully and properly constructed and deny that the flow of surface water has been diverted or increased by the terrace which ends 500 feet from the public road separating the two farms. They further state no changes have occurred in the ditch since the date of the prior judgment which held the construction was lawfully and properly completed and that plaintiff is barred by the prior judgment.

In support of his position on appeal plaintiff contends that the judgment in the injunction action in 1961 does not bar him from pursuing claims for subsequent damage to crops caused by the unlawful construction of the diversion ditch and earthwork in 1960. He cites the case of *Hofstetter v. Myers Construction, Inc.*, 170 Kan. 464, 227 P. 2d 115, and argues the four conditions necessary to render an action *res judicata* do not appear since the damage to his crops in 1961 and subsequent years was not claimed in the previous action and since the defendant, Norma Fry, was not a party in the 1961 injunction action.

In *Hofstetter* both actions were pending in court at the same time. This court on appeal noted that eight additional parties joined the Hofstetters in bringing the injunction action. The action was to enjoin the defendant, who operated a portable asphalt plant, from causing obnoxious odors and soot and dust to be spread over the neighborhood. In denying the defense of *res judicata* the court indicated the manner in which the plant was first operated could have been corrected by the time the injunction action was tried.

In such case the defendant would remain liable for damage occurring prior thereto. The damage action was not barred. The case is clearly distinguishable upon the facts.

Plaintiff cites *Henderson v. Talbott,* 175 Kan. 615, 266 P. 2d 273, and other similar cases. In these cases the original unlawful act has been established. The tortious act is considered to be a continuing act giving rise to new and successive causes of action. These cases are not controlling under the present facts. In the present case no unlawful or tortious act was established in the injunction action. Quite the reverse is true, for the court found the earthwork was properly constructed so as to benefit the plaintiff.

Plaintiff points out that the action in 1961 was brought to obtain an injunction while the 1963 and 1964 actions are successive causes of action to recover recurring damages to crops planted subsequent to the judgment in the injunction action. Therefore, he reasons, the actions are not identical and judgment in the injunction action does not bar the subsequent damage actions.

A cause of action on which a judgment is entered arises from the wrong done and not from the character of the relief sought or from the measure of compensation. This was pointed out in *Foster v. Humburg,* 180 Kan. 64, 67, 299 P. 2d 46, as follows:

"While allegations of damages are essential in a petition, they do not constitute the 'cause of action.' The 'cause of action' is the wrong done, not the measure of compensation for it, or the character of relief sought. A 'cause of action' arises from a manifestation of a right or violation of an obligation or duty. (Citing cases.) Damage is not the cause of action. It is merely a part of the remedy which the law allows for the injury resulting from a breach or wrong. The 'right of action' is merely the right to pursue a remedy, and the 'cause of action' is the concurrence of the facts giving rise to an enforceable claim. . . ."

(See, also, *Shirk v. Shirk,* 186 Kan. 32, 36, 348 P. 2d 840; *Ablah v. Eyman,* 188 Kan. 665, 680, 365 P. 2d 181; *Peterson v. Bachar,* 193 Kan. 161, 167, 392 P. 2d 853.)

Plaintiff brought the injunction action based upon a wrong done by defendant. The wrong charged against defendant was the unlawful construction of earthwork and a diversion terrace which changed and diverted the flow of surface water onto plaintiff's seven acre field. The issue raised was fully adjudicated in the action as shown by the trial court's findings. The judgment determined that the earthwork and diversion terrace was lawfully and properly constructed in such manner as not to divert or in-

crease the flow of surface water onto plaintiff's seven acre field. Although plaintiff is entitled to pursue a remedy for any changes caused by defendants' acts since that time, he is not permitted to relitigate the issues finally adjudicated in the 1961 injunction action.

Plaintiff questions the finality of this adjudication because Norma Fry was not made a party defendant in the former action. She was a tenant in common with her husband and owned a half interest in the property on which the earthwork and diversion terrace were constructed.

However, this oversight was due to plaintiff's omission. In *Hubert v. Board of Public Utilities*, 162 Kan. 205, 209, 174 P. 2d 1017, this court quoted and adopted the statement appearing in 39 Am. Jur. Parties § 25 which reads:

". . . The burden of procuring the presence of all such indispensable parties is on the plaintiff. . . ." (p. 884.)

In *Cities Service Oil Co. v. Kronewitter*, 199 Kan. 228, 428 P. 2d 804, the court defines proper, necessary and indispensable parties as follows:

"Generally speaking, proper parties are those without whom the cause might proceed but whose presence will allow a judgment more clearly to settle the controversy among all the parties. (*Pfannestiel v. Central Kansas Power Co.*, 186 Kan. 628, 352 P. 2d 51.) Necessary parties are those who must be included in an action either as plaintiffs or defendants unless there is a valid excuse for their nonjoinder. Indispensable parties are those who must be included in an action before it may properly go forward. The latter two concepts are alike in the respect that both terms denote parties who *should* be joined in the action although the degree of obligation represented by the word "should" varies (see James' Civil Procedure, §§ 9.14-9.15)."

This court has held that a tenant in common may maintain an action in tort against a third party stranger to recover the damages to cotenancy realty caused by the acts of the third party and although a fellow tenant in common is a proper party to such an action he is not necessarily an indispensable party to such an action. (See *Pfannenstiel v. Central Kansas Power Co.*, 186 Kan. 628, 633, 352 P. 2d 51, and cases cited therein.)

Norma Fry was a tenant in common of the farm. The tortious acts upon which plaintiff sought to obtain the injunction were charged against W. D. Fry only. She was a proper party to such an action since she owned a half interest in the land involved, but she was not an indispensable party to such action and the burden of procuring her presence rested on the plaintiff. In the injunction

action plaintiff alleged that W. D. Fry was the owner of this property and that Fry constructed the diversion terrace. The defendant, W. D. Fry, answered admitting ownership and the court found him to be the owner.

A rule of estoppel has been applied in similar cases to prevent such a belated change of position by plaintiff from affecting the finality of a prior judgment. (*Woods v. Duval,* 151 Kan. 472, 99 P. 2d 804; *Anderson v. Stockwell,* 130 Kan. 103, 285 Pac. 526; *Underwood v. Greenlees,* 131 Kan. 308, 291 Pac. 777.)

Plaintiff did litigate the issue of wrongful construction of the earthwork with his neighbor. We realize the final judgment was not to his liking. However, he may not relitigate the same issue even though he failed to make the wife a party to the first action. The court determined ownership of the land for the purposes of that action upon the allegations and admissions of the parties. The co-owner who was omitted makes no complaint against the determination. She acquiesces in the prior judgment by taking a stance beside her husband in defense of the present actions. The plaintiff cannot raise the question of lack of proper parties in the prior action. He is estopped to question the binding effect of the former judgment. (See *Schermerhorn v. Mahaffie,* 34 Kan. 108, 113, 8 Pac. 199 and *Woods v. Duval,* supra.)

The trial court properly held the relief now claimed by plaintiff cannot be based upon tortious acts of the defendants in the original construction of the earthwork. This issue was finally determined between the parties in the injunction action. Plaintiff should be limited to those damages, if any, which may have occurred by reason of wrongful acts and omissions of the defendants subsequent to the date of the prior judgment.

The order of the trial court is affirmed and the case is remanded for further proceedings.