No. 36,243

Mrs. Fannie Boyles, *Appellee*, v. Lloyd Emery and Roy O. Boyles, *Appellants.* (Claud M. Boyles and Clyde M. Boyles, *Defendants.*)

(153 P. 2d 936)

Opinion filed December 9, 1944.

*W. D. Vance, Fred Emery* and *Fred Swoyer,* all of Belleville, were on the briefs for the appellants.

*N. J. Ward,* of Belleville, was on the briefs for the appellee.

The opinion of the court was delivered by

Hoch, J.: A widow, holding a life interest in real estate, brought action to establish her ownership of certain permanent improvements and her right to remove them. The defendants, owners of the remainder title, asserted that the pleadings disclosed that the ownership of the improvements had been determined in a prior action, and they moved for judgment on the pleadings. The motion was overruled, and they appeal. The only issue is whether the interest of the parties in the improvements had become *res judicata.*

The material facts, alleged or admitted by the plaintiff in the pleadings, may be briefly stated. Oliver H. Boyles, a resident of Republic county, died testate in 1908. Under the terms of his will the widow, Fannie Boyles, received a life interest in all his property, consisting of considerable personal property and a quarter section of land. Cash bequests were made to a son and a daughter and

the remainder interest in all the property was equally divided among three other sons. Two of these three sons were then minors. The widow was named as executrix of the will and administered the estate until she rendered her final account and was discharged in 1912. She and the three sons continued to occupy the farm, as their home, for many years. Within a few years after the testator's death a number of permanent improvements were added to the farm, consisting of a house, corn crib, windmill, chicken houses and a cistern, at a total cost, as alleged, of $3,260. Most of these improvements were added in 1910 and the others in 1913 or shortly prior thereto. Many years thereafter two of the sons lost their interests as remaindermen under foreclosure of mortgage held by the Swedish-American State Bank of Courtland. Thereafter, and in 1940 the bank, having in prospect a sale of their two-thirds interest in the remainder title, brought action for construction of the will and a determination of interests in the farm. The widow, holder of the life interest, and the third son, Roy O. Boyles, holder of the remaining one-third interest in the remainder title, were made party defendants. In her answer in that action Mrs. Boyles averred that she held a fee title to the farm, instead of a life interest, and also that she had put the improvements heretofore referred to on the place and was entitled to a lien upon the land for their value. At the trial, all parties being represented, Mrs. Boyles was permitted, upon motion, to withdraw her claim to a lien covering the value of the improvements. Upon motion of the plaintiff for judgment on the pleadings the court found for the bank and entered a judgment, the portions of which here pertinent were as follows:

"(a) Said Fanny Boyles is found and determined to be the owner of a life estate interest therein and thereto, without power or right to sell, dispose of, convey or encumber the fee title thereto, and is in possession thereof, with the right to continue in such possession and to take and receive as her own, all of the rents, income and profits from the use thereof for the remaining period of her lifetime.

"(b) Said plaintiff, the Swedish-American State Bank of Courtland, Kansas, is found and determined to be the owner of the two-thirds undivided interest in remainder of the fee title to said real estate, *subject only to the life interest held and owned by the defendant, Fanny Boyles.*

"(c) Said defendant, Roy O. Boyles, is found and determined to be the owner of a one-third undivided interest in remainder of the fee title to said real estate, subject only to the life interest held and owned by the defendant Fanny Boyles, . . .

"IT IS FURTHER ORDERED BY THE COURT, that the record show that *as a re-*

*sult of the dismissal, without prejudice, by the defendant, Fanny Boyles, of her claim for a lien upon certain improvements upon said real estate, no adjudication relating to the same has been made by the court in this action."* (Italics supplied.)

No appeal was taken from that judgment entered on May 22, 1940.

We come to the instant action. In the latter part of 1943 Mrs. Boyles sought to remove some of the permanent improvements from the place, but notice was served upon her by Emery, one of the appellants here, who had succeeded to the bank's two-thirds interest in the remainder, that being a holder of a life interest only she had no right to sell or remove the improvements. Whereupon she brought the instant action against Emery and Roy Boyles to determine her right to the improvements.

There is no question that the action brought by the bank in 1940 was for the purpose of determining fully the interests of the respective parties in the real estate. The improvements, clearly permanent in character, had been made more than twenty-seven years prior thereto. In the absence of a contrary finding, in an equitable proceeding, they were a part of the realty and could not be sold or removed by the holder of a life interest only. Could Mrs. Boyles withdraw her claim to the improvements clearly involved in the action by the bank in 1940, and preserve a right to adjudicate the claim at some future time by a recital in the judgment that the claim had been dismissed "without prejudice" and that "no adjudication relating to the same" was then being made? We must conclude that by her failure to assert a claim to the improvements in the prior action and by her acquiescence in a judgment which determined the unqualified titles in remainder, she surrendered any claim to the improvements aside from her right to use them during her lifetime. The very purpose of the prior action was to determine the respective interests of the widow and the holders of the remainder title. Under the judgment the bank and Roy O. Boyles were decreed to hold an undivided two-thirds interest and a one-third interest, respectively, in the remainder of the fee title "subject only to the life interest held and owned by the defendant, Fanny Boyles." By the same judgment Fanny Boyles was decreed to own "a life estate interest therein and thereto without power or right to sell, dispose of, convey or encumber the fee title thereto." The judgment clearly established the life interest and the remainder interests in the fee title to the realty, including the permanent im-

provements which were a part of the realty. The most that can be said for the attempted reservation in the judgment, relating to the improvements, is that it was inconsistent with the determination of title. If it be said that the remaindermen are bound by the attempted reservation in the judgment because they did not appeal therefrom, it could also be said that the holder of the life interest was equally bound by the unqualified determinations as to the fee titles. But we need not rest the decision upon that contention. The prior action was to determine the respective interests. There was the place for the widow to assert, if she desired to do so, a claim to the improvements. Clearly if she had asserted no claim to the improvements in the prior action and the judgment had made no reference to them she could not later assert such a claim. Is her position strengthened by a withdrawal of the claim and a recital that such a possible claim was not being adjudicated? We think not. The right to substantial improvements of the nature indicated was necessarily at issue in determining the interests of the parties. Furthermore, the journal entry did not bind the parties by a reservation of the question for later adjudication. It simply attempted to say—inconsistently with the judgment determining the division of title to the realty—that the question was not then being adjudicated.

Whether Mrs. Boyles' claim to the improvements which had been added more than twenty-seven years prior thereto would have been barred by the statutes of limitation if asserted in the first action, or whether they would now be so barred we need not consider.

We have many times held that when all parties are in court and the court has jurisdiction to determine all issues directly involved in the action, a judgment therein entered becomes *res judicata* not only as to all matters specifically and formally determined but also as to all matters which might and should have been then determined. This general rule is founded upon the sound policy of promoting a finality in litigation and of preventing litigants from being compelled to again defend in matters directly involved in a prior action. (*Mydland v. Mydland,* 153 Kan. 497, 499, 112 P. 2d 104, and cases there cited; *Stimec v. Verderber,* 152 Kan. 582, 585, 106 P. 2d 708; *Levi v. Levi,* 149 Kan. 234, 237, 86 P. 2d 473; *Snehoda v. National Bank,* 115 Kan. 836, 840, 224 Pac. 914; *Naugle v. Naugle,* 89 Kan. 622, 632, 132 Pac. 164.) The instant situation clearly falls within the rule and the judgment must be reversed with directions to sustain the motion of defendants for judgment on the pleadings. It is so ordered.