No. 36,617

MARTHA WHARTON, as Guardian of the Person and Estate of Frank Zenger (an incompetent person), *Appellant,* v. AUGUST ZENGER, *Appellee.*

No. 36,618

MARTHA WHARTON, as Guardian of the Person and Estate of Frank Zenger (an incompetent person), *Appellant, v.* AUGUST ZENGER, *Appellee* (THE NEW YORK LIFE INSURANCE COMPANY, and THE CITIZENS STATE BANK, of Marysville, Defendants).

(174 P. 2d 103)

Opinion filed November 9, 1946.

*N. J. Ward,* of Belleville, argued the cause and was on the briefs for the appellant.

*Fred D. Swoyer,* of Belleville, argued the cause, and *John C. Hartigan* and *George A. Skultety,* both of Fairbury, Neb., were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: The question presented in these appeals is whether the trial court erred in denying motions to strike, and arises as hereinafter set forth.

On October 23, 1944, plaintiff commenced two actions. The first was against August Zenger. It is not necessary to repeat the detailed allegations of her petition, but generally it was charged that on December 16, 1943, she was appointed guardian of the estate of Frank Zenger who in June, 1936, had been adjudged to be an incompetent person; that since 1936 August Zenger had appropriated

to himself certain property of Frank Zenger consisting of the proceeds of a life insurance policy, the proceeds from the sale of horses and mules, farm crops and other property of Frank Zenger, and had not accounted for them. The petition contained an allegation that another action was being filed on the same day for recovery of the proceeds of the insurance policy. It was further charged that August Zenger was trustee for Frank Zenger, and in violation of his trust and secretly he had obtained the property without lawful consent of anyone authorized to speak for Frank Zenger and that his wrong was not discovered until the year 1944, and that the action was brought for the purpose of ascertaining the value of the property wrongfully taken, and for the recovery of that amount. The prayer was for an accounting and for judgment for the amount found due. In the second action the defendants were August Zenger, the insurance company and a bank which was alleged to have cashed a check for the proceeds of the insurance policy. In the petition in this case are allegations of the appointment of plaintiff as guardian of the incompetency of the ward and of a fiduciary relation between August Zenger and Frank Zenger. It was then alleged in some detail that Frank Zenger had procured an insurance policy on his own life from the New York Life Insurance Company and that August Zenger had possession of the policy and wrongfully caused Frank Zenger to execute the necessary instruments to surrender the policy for its cash value, and that the company issued its check for $1,779.84 to Frank Zenger, but that August Zenger got possession of the check and caused Frank Zenger to endorse it, and omitting details, caused the check to be cashed by the Citizens State Bank of Marysville. Allegations against the insurance company and the bank are of no present importance. Knowledge by August Zenger of Frank Zenger's incapacity is alleged. It is charged that August Zenger appropriated to himself the proceeds of the check and has never accounted to anyone legally acting for Frank Zenger. The prayer of the petition was for judgment against each and all of the defendants for the sum of $1,779.84 and interest.

To each of these petitions the defendant August Zenger filed his answer and cross petition. We are informed that the two answers and cross petitions are identical in character and as presented in the briefs no distinction between the two actions is made. Our consideration of the questions presented is on that basis.

Although the pleading is called an answer and cross petition, in

the form in which it is drawn it consists of a formal opening paragraph containing a general denial of the allegations of the petition and for further answer and for setoff, counterclaim and cross petition alleges—then follows nineteen numbered paragraphs and a prayer that the plaintiff be denied relief and that August Zenger have judgment against the plaintiff for $3,777.39 and interest; that Walter Zenger be made a party defendant and that a general accounting be had of all claims among Frank Zenger, Walter Zenger and August Zenger and judgment rendered accordingly. In the pleading there is no separation of matters of defense and offense, and without detailing the allegations of the nineteen numbered paragraphs which consume twelve printed pages of the abstract, and without regard to numerous exhibits attached and part of which are abstracted, it may be said that the allegations, to a considerable extent, serve not only as matters of defense but as allegations warranting relief on the cross petition. So far as the record as abstracted discloses, no motion was filed for the purpose of compelling any separation of allegations tending to a defense from those tending to state a cause of action on the counterclaim. In a very general way it may be said in addition to the general denial, the defendant denied that plaintiff was the duly appointed, qualified and acting guardian of Frank Zenger, or that he had ever been lawfully found to be an incompetent person; that another action was pending for the same cause; that the petition did not state facts sufficient to constitute a cause of action; that any cause of action stated was barred by the statute of limitations; and that all matters alleged had been settled in a previous action between the parties. There are also numerous allegations concerning the circumstances in which the particular insurance policy was acquired, how and by whom premiums were paid on it, the family situation and the manner in which defendant and his brothers had attended to various farming and other activities in which Frank Zenger had an interest, a statement of account for moneys allegedly advanced for Frank Zenger, and that August Zenger became the owner of the account, and that by reason of the method of handling the business affairs of the family, a general accounting of all such family transactions should be had.

After the above answers and cross petitions had been filed, the plaintiff filed a motion entitled "Motion To Strike" in which it was asked that the court strike from the answer and cross petition,

"for the reasons that such portions thereof constitute no defense to the plaintiff's petition, nor do the same or any part thereof tend to a defense of such petition, and such parts thereof and each of them are immaterial, surplusage and redundant, and state no grounds for relief," eleven of the nineteen numbered paragraphs of the answer and cross petition.

Each motion was denied and the plaintiff duly appealed from the ruling in each case. In this court the appeals were consolidated, and as previously indicated, in the briefs no distinction is made between the two cases.

Appellee objects to any consideration of the appeals for the reasons that the rulings are not any of those included in G. S. 1935, 60-3302; that the ruling of the trial court is not a final order, and that it does not affect any of the plaintiff's substantial rights. Appellant contends that her motion has the effect of a demurrer and should be so considered, and that considered as a demurrer, an appeal lies whether it is sustained or overruled. (G. S. 1935, 60-3302, *Second.*)

Each party directs our attention to decisions treating parts of the whole question presented by the particular pleading and motion in this case, and while they have been examined there will be no comment on them, for their applicability to our present problem is remote.

It may first be observed that no effort was made to strike the general denial and therefore the answer states a defense. Neither was any effort made to strike the allegations of paragraph 13 to the general effect that Frank Zenger is physically crippled and does not have mental capacity to perform services equal in value to his care and keep and that August Zenger furnished such care and keep, the value thereof being alleged; nor the allegations of paragraph 15 wherein is a statement of account covering insurance premiums paid, care of livestock, and services rendered to Frank Zenger, as well as credits due to him for moneys received on his behalf. Neither was any effort made to strike allegations respecting an action between the parties in which it is contended certain rent and other matters were adjudicated. The motion to strike, by reference to paragraph numbers, ignores the fact that all are part of the whole; that the whole context must be considered and not portions which are more or less isolated.

The allegation in paragraph 3 that another action was pending

between the same parties for the same cause of action was not motioned, but the allegations of paragraph 4 were. In paragraph 4 the defendant pleaded that the petition did not state facts sufficient to constitute a cause of action, a procedure recognized as proper under G. S. 1935, 60-708, and that plaintiff's cause of action was barred by the statute of limitations. It is not open to debate that the demurrer in the answer and the plea of the statute of limitations were not subject to attack by demurrer.

It is apparent from the allegations of both petitions that plaintiff seeks principally to recover the proceeds arising from the surrender of a life insurance policy on the life of Frank Zenger. Under paragraphs 7 and thereafter, of the answer and cross petition, August Zenger pleaded the policy was obtained on the life of Frank Zenger in 1922 and the premiums paid thereon by Zenger Brothers as security for money had and received by Frank Zenger. Other allegations pleaded at length how August Zenger became the owner of the account against Frank Zenger, the course of dealing between August Zenger and Frank Zenger and stated an account, after which there was a further allegation that other items were due to August Zenger from Frank Zenger and a complete accounting should be had, and the prayer was in accord.

With reference to the motion generally the purpose seems to have been to strike out all allegations which tended either to operate as a defense or to afford grounds for a counterclaim, and to leave undisturbed those allegations which could possibly be construed as an admission by August Zenger that he had or had had money or property belonging to Frank Zenger. The ruling refusing to strike, however, was not a finality, nor would the ruling prejudice the plaintiff at the trial of the action. The ruling did not have the effect of holding that the defense or any part of it was proven, nor that the evidence which might be offered was competent and sufficient, nor did it conclude inquiry into whether any of the proceedings were res judicata. It could not well have done so because the facts pleaded have to be determined before any such conclusion may be reached.

In our opinion the motion to strike was not the equivalent of a demurrer, and, in the absence of a showing of prejudice, the ruling thereon was not appealable. It follows the consolidated appeals should be and they are dismissed.

Appellant suggests there is a question as to the jurisdiction of the trial court. She does not suggest it was raised below, but that it is

a question which is always before the court, citing *Shively v. Burr*, 157 Kan. 336, 139 P. 2d 401. The twelfth judicial district is comprised of Washington, Cloud and Republic counties, and the Honorable W. D. Vance is the judge thereof. The Honorable William R. Mitchell is the judge of the fifteenth judicial district which lies immediately west of the twelfth judicial district. The present actions were commenced in Washington county. Although not entirely clear from the record as abstracted, the first time the matters came before Judge Vance he announced that he was disqualified to try the case because of his former service as counsel for August Zenger. Thereupon, all parties consenting, Judge Mitchell was selected to sit as judge for the trial of the actions, and with the consent of all parties Judge Vance ordered that the cause be tried at Belleville, in Republic county. Thereafter, August Zenger's answers and cross petitions were filed, and the matters heretofore discussed were heard at Belleville. It would appear that the selection of Judge Mitchell was proper under G. S. 1935, 60-511. That the district court of Washington county had jurisdiction of the action when filed is too clear for argument, and no suggestion to the contrary is made. An examination of the two petitions does not disclose any type of action where the venue was necessarily in Washington county, for the actions did not concern real property under G. S. 1935, 60-501, nor were they within the purview of G. S. 1935, 60-503. On the contrary the venue of the actions was wherever the defendants or some one of the defendants resided or might be summoned. Neither petition discloses the place of residence of August Zenger, but we assume that he lived in Washington county. Copy of the summons and return is not shown, but the place of residence of the other defendants is not in Washington county. In view of the fact the actions are transitory in character and could have been brought in Republic county, if service had been obtained on one defendant there, we cannot say that the court erred in directing trial to be held in Republic county, in view of the consent of all parties that that might be done. The question presented is not of jurisdiction but of venue and the stipulations and consents of the parties settle it. The suggestion that the orders made resulted in the trial court's not having jurisdiction is not approved or allowed.

The appeals are dismissed.