No. 36,900

MARTHA WHARTON, as Guardian of the Person and Estate of FRANK ZENGER, an Incompetent Person, *Appellant* v. AUGUST ZENGER, *Appellee.*

(186 P. 2d 287)

WILLIAM R. MITCHELL, judge pro tem. Opinion filed November 8, 1947.

*N. J. Ward,* of Belleville, was on the briefs for the appellant.

*Fred D. Swoyer,* of Belleville, and *George A. Skultety,* of Fairbury, Neb., were on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This lawsuit presents another chapter of the disputatious family affairs of the descendants of Frank Zenger who died in Washington county in 1916 leaving a small farm to his widow and six surviving children. The plaintiff is one of his daughters and the guardian of his namesake, and youngest son, an incompetent person. The defendant, August Zenger, is next to the youngest son, and lived on the farm in the family home with the mother and Frank, the incompetent, until the mother's death in 1939. He continued to live there with such incompetent until 1942 when the latter was taken from the home by other members of the family.

The action, consolidated with another in which a bank and an insurance company were included as parties—which we are informed

has since been dismissed by the trial court at plaintiff's cost—has had previous consideration by this court. See *Wharton v. Zenger,* 162 Kan. 69, 174 P. 2d 103. Reference is made to the opinion in that case for a more complete and detailed factual statement of what was then and is now the subject of controversy between the parties.

So far as they pertain to the issues presently involved, the pleadings can be briefly summarized.

Plaintiff's petition, after reciting facts which authorize her to bring the action on behalf of Frank Zenger, charges that since 1936 the defendant had appropriated to himself certain property of her ward consisting of the proceeds of a life-insurance policy, the proceeds from the sale of horses and mules, farm crops and other property, and had not accounted for them. It further charges that the defendant, on all dates in question, was trustee for Frank Zenger and in violation of his trust had secretly obtained such property and its proceeds without the lawful consent of any one authorized to speak for that individual. It then alleges that defendant's acts were not discovered until the year of 1944, states that the action is brought for the purpose of ascertaining the value of the property wrongfully taken, and prays for an accounting and for judgment for the amount found to be due for such property.

To the petition the defendant filed a lengthy answer the details of which, except for certain allegations presently to be mentioned, appear in the opinion of *Wharton v. Zenger,* supra, and need not be here repeated.

One of the defenses set forth in the defendant's answer, barely mentioned in the opinion of the case to which we have referred because not there involved, is that the matters on which plaintiff bases her right to the relief sought by her had been fully settled in a previous action between the parties. In connection with that defense the answer contains the following allegations:

"5. On or about February 26, 1944, said Martha Wharton, individually and as guardian of the person and estate of Frank Zenger, an incompetent person, commenced an action against Walter Zenger, August Zenger, et al., in the District Court of Washington County, Kansas, Case No. 11,658, and prayed for a partition of certain real estate and for an accounting from said August Zenger. Said August Zenger filed an answer in said action and pleadings were filed by the other defendants in said action. Thereafter on or about April 13, 1944, the parties in said action, including the plaintiff herein and this defendant, reached an agreement with respect to the matters in dispute, and

on May 3, 1944, the District Court of Washington County, Kansas, entered its judgment in said action which is in part as follows:

"'It Is FURTHER FOUND AND DETERMINED by the court, that all matters in controversy herein under the pleadings as between and among the parties hereto relating to rents and profits or other personal claims have been fully settled, adjusted and satisfied and no relief on account thereof is proper or should be granted in this action.

"'It Is THEREFORE Now ORDERED, ADJUDGED AND DECREED by the court, that all of the matters and things hereinbefore recited and set forth, should be and hereby are, made permanent matters of record as binding upon all and everyone of the parties hereto; . . .'

"The cause of action alleged in plaintiff's petition was in existence at the time of the aforesaid action and is a personal claim such as was determined by the court in said action to be fully settled, adjusted and satisfied. The matters alleged in plaintiff's petition are now *res judicata*.

"6. A copy of the pertinent pleadings, orders, judgment and decree, and other proceedings in Case No. 11,658 in the District Court of Washington County, Kansas, wherein Martha Wharton, et al., were plaintiffs and Walter Zenger, et al., were defendants is hereto attached, marked 'Exhibit B,' and made a part hereof as though fully set out herein."

Following our decision in *Wharton v. Zenger,* supra, the plaintiff filed a reply where at great length and in much detail she attempted to meet the numerous defenses set forth in the defendant's answer. For reasons which will soon become obvious we are now concerned only with recitals having to do with the defense of *res judicata*. On that issue the following allegations appear in such pleadings:

"7. Plaintiff admits that Exhibit 'B' attached to the Amended Answer and Cross Petition of August Zenger correctly sets forth the proceedings had and the things done and adjudicated in case No. 11,658, but that such suit did not involve nor determine any of the insurance matters involved in this controversy, but such suit did adjudicate all the other claims made herein by August Zenger.

"11. In said case No. 11,658 it was determined that August Zenger's right as such tenant should terminate on March 1, 1944, and that such real estate should be sold subject to his tenancy, under authority of court up to March 1st, 1945. It was also adjudicated in such suit that all matters in controversy therein, and all controversies as to rents and profits and personal claims growing out of the ownership, use and occupancy of such real estate were determined, and which included all claims by August Zenger, for care and keep of the said Frank Zenger and of his horses, and also all other expenditures made on Frank's behalf by the said August Zenger.

"16. When the defendant August Zenger filed his answer in said case No. 11,658, he reasserted his claim then pending in the Probate Court of Washington County, Kansas, in the matter of the estate of Bertha Zenger, deceased, a copy of which claim was attached to the petition filed in such suit. By such claim said August Zenger asserted a contract with Bertha Zenger whereby he

was to provide a home and ordinary care for her and the said Frank Zenger and which claim was still pending in the probate court. In such claim said August Zenger sought the recovery of $1,965.00 for such care and support, and because of the said Bertha Zenger's breach of contract in respect thereto.

"17. In April, 1944, a settlement of such claim, along with the controversies involved in case No. 11,658 was agreed upon as between the parties to such suit and a full settlement made thereof, whereby said August Zenger received full satisfaction for said claims and it was adjudicated and determined that he had no further claim or claims by reason thereof. For a valuable consideration there has heretofore been a full compromise, settlement and adjudication of any and all claims that the said August Zenger ever has had for the care of Frank Zenger."

After joining issues on questions pertaining to *res judicata* the plaintiff filed a motion for a determination of questions of law in advance of a trial on the facts. In this motion she asked the trial court to determine whether there had been any previous adjudication barring her from maintaining the action or precluding the defendant from recovering on the claims made by him in his answer against the incompetent. On its consideration the trial court found that the judgment in a previous action, case No. 11,658 of the district court of Washington county, was *res judicata* of the controversy between the parties and that by reason thereof the plaintiff was barred from maintaining the present action. Thereupon, pursuant to the defendant's motion, judgment was rendered in favor of defendant and against plaintiff for costs. The appeal is from such judgment.

From the foregoing factual statement it is apparent the rights of the parties on appellate review must stand or fall on the force and effect to be given the judgment rendered in the partition action and found by the trial court to preclude appellant's recovery. A decision of that question depends not only upon an examination of the judgment itself, but the record on which it is based.

We turn now to the record in such action for the purpose of ascertaining the issues there involved. In our opinion its examination discloses the following situation: The plaintiff here was a party plaintiff there. She brought the action on behalf of her ward against a number of defendants, including August Zenger. In her petition she asked for partition of certain real estate in which the ward had an interest and which he, along with August, had occupied as a family home for many years. She also demanded an accounting from August for rents and profits and such other relief as might be equitable. August filed an answer claiming an interest in the real

estate and otherwise expanding the issues with respect to the accounting phase of the action to the extent it can be said that he asked for a general accounting and settlement between all parties who had or claimed to have an interest in the land. In such pleading he expressly stated there were no legal offsets or claims on the part of any one as against the rights and interest asserted by him thereto, he offered to do equity between the parties, and he asked that he have and recover such equitable relief as was consistent with its allegations. Thereafter, the parties treated the action as one in partition and for a general accounting. They entered into a stipulation for judgment which made provision for partition of the land among its respective owners, including August, and expressly provided "that all matters in controversy between the parties hereto, as set forth in their pleadings, have been fully settled. . . ." Subsequently, judgment was rendered pursuant to such stipulation. That judgment recites the cause came on for trial upon the issues as made by the pleadings and stipulation, it finds "that all matters in controversy herein under the pleadings as between and among the parties hereto relating to rents and profits or other personal claims have been fully settled, adjusted and satisfied and no relief or account thereof is proper or should be granted in this action," and it holds "that all of the matters and things hereinbefore recited and set forth, should be and hereby are, made permanent matters of record as binding upon all and every [one] of the parties hereto . . ." No appeal has ever been taken from the judgment as rendered.

Our interpretation of what is shown by the record to have been involved in the partition action compels the conclusion that the judgment rendered therein on May 3, 1944, must be regarded as having conclusively settled all controversial claims existing between the parties thereto on that date.

This court has always held that where a court has jurisdiction of the subject matter of an action and has jurisdiction of all the parties thereto, its orders and judgments as to all matters involved therein are final and conclusive unless corrected or modified on appeal, and that such matters cannot again be litigated by the parties to that action, or their privies, in the same court or any other court of concurrent jurisdiction upon either the same or a different cause of action (*Rennolds v. Guthrie,* 103 Kan. 829, 177 Pac. 359; *Cross v. Hodges,* 124 Kan. 672, 261 Pac. 585; *Lodge v. Order of United Commercial Travelers,* 125 Kan. 26, 262 Pac. 598).

Likewise in its elaboration of the same principle it has repeatedly held that with all parties in a court having jurisdiction of the issues involved in an action the doctrine of res judicata not only prevents the relitigation of identical facts and questions a second time but bars the litigation of all matters in a subsequent action which might and should have been determined in the first one (*Stimec v. Verderber,* 152 Kan. 582, 106 P. 2d 708; *Kearny County Bank v. Nunn,* 156 Kan. 563, 134 P. 2d 635; *Boyles v. Emery* 159 Kan. 300, 153 P. 2d 936; *In re Estate of Bourke,* 159 Kan. 553, 559, 156 P. 2d 501).

Since appellant's cause of action is predicated entirely upon claims in existence on May 3, 1944, it was *res judicata* under and by virtue of the judgment of record in the partition action. It necessarily follows the trial court's action in holding the appellant was barred from maintaining her suit and in rendering judgment in favor of appellee and against appellant for costs must be upheld.

In reaching the conclusion just announced we have not failed to give consideration to appellant's contention the pleadings in the action held to be *res judicata* did not specifically refer to or mention the claim for proceeds of the insurance policy now alleged to have been wrongfully appropriated by appellee. So what? That claim was in existence on the date of the judgment and we have decided it was one of the items involved in the accounting conclusively settled and determined by its terms.

In *Bleakley v. Barclay,* 75 Kan. 462, 89 Pac. 906, we held:

"Upon a plea of former adjudication a matter will be held res judicata, although not raised as an issue by the pleadings in the former action, if from the record it appears that it formed one of the premises upon which the judgment necessarily rested." (Syl. ¶ 2.)

The legal principle announced in the foregoing decision is well supported by the authorities. It is quoted with approval on page 849 of the opinion in McNergney v. Harrison, 148 Kan. 843, 84 P. 2d 944.

Statements to the same effect are to be found in 30 Am. Jur. 929, § 183, and 50 C. J. S. 209, § 723.

See, also, 2 Black on Judgments (2 ed) 934, § 614, where it is said:

"The doctrine of *res judicata* does not rest upon the fact that a particular proposition has been affirmed and denied in the pleadings, but upon the fact that it has been fully and fairly investigated and tried—that the parties have had an adequate opportunity to say and prove all that they can in relation to it, . . ." (p. 936.)

And *Lee v. Kingsbury*, 13 Tex. 68, 62 Am. Dec. 546, holding:

"It is not necessary to the conclusiveness of a former judgment, that issue should have been taken upon the precise point which it is proposed to controvert in the collateral action. It is sufficient if that point was essential to the former judgment." (Syl. ¶1.)

Neither have we ignored appellant's argument the court was without jurisdiction to render judgment in the partition action with respect to claims August Zenger may have had against her ward because under provisions of the probate code (G. S. 1945 Supp. 59-2267) they could only be prosecuted in the probate court. Our code of civil procedure (G. S. 1935, 60-2114) expressly provides that in a partition action the district court has power to make any order, not inconsistent with provisions of the statute governing partition actions, that may be necessary to make a just and equitable partition between the parties, and to secure their respective interests. Our decisions hold that in administering the provisions of such section of the code the trial court has the same powers as were exercised by chancery courts under equity practice, including full power to settle all questions involved on just and equitable principles. (*Johnson v. Burns*, 160 Kan. 104, 159 P. 2d 812; *Fry v. Dewees*, 151 Kan. 488, 99 P. 2d 844; *Young v. Young*, 148 Kan. 876, 84 P. 2d 916; *Thresher Co. v. Judd*, 104 Kan. 757, 180 Pac. 763; *Sawin v. Osborn*, 87 Kan. 828, 126 Pac. 1074; *Hazen v. Webb*, 65 Kan. 38, 68 Pac. 1096.) We have never held that in an action instituted by a guardian for a ward involving partition and an accounting there is anything to be found in the probate code which deprives the district court of the powers conferred upon it by the code of civil procedure.

In passing, we feel impelled to direct attention to one matter not heretofore mentioned which, in our opinion, supports and fortifies our conclusion as to the disposition of this appeal. By reference to portions of appellant's reply, heretofore quoted, it will be noted that notwithstanding she asserts none of her ward's claims were there determined she avers—and in fact throughout the entire appeal has argued—there was a complete accounting and determination of all of appellee's claims in the partition action. The least that can be said for her position is that it is inconsistent. To us it definitely indicates there is sound basis for the trial court's conclusions, as well as our own, that the claims she now asserts inhered in the first judgment.

The judgment of the trial court is affirmed.