No. 39,323

CHARLES V. KENOYER, *Appellee,* v. BOARD OF BARBER EXAMINERS OF THE STATE OF KANSAS; T. R. MAHER, Chairman of said Board; GEORGE F. HILTON, Member of said Board; and BOYD L. LAND, Secretary-Treasurer of said Board, *Appellants.*

(271 P. 2d 267)

Opinion filed June 12, 1954.

*Donald Hickman,* of Arkansas City, argued the cause, and *Harold R. Fatzer,* attorney general, *Paul E. Wilson,* assistant attorney general, and *Kirke W. Dale,* of Arkansas City, were with him on the briefs for the appellants.

*Robert L. Morrison,* of Wichita, argued the cause, and *Robert F. Hudson,* of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action in mandamus wherein the plaintiff, Charles V. Kenoyer ( appellee ), sought to compel the defendants, the State Board of Barber Examiners and individual members thereof ( appellants ), to issue unto him a certificate of registration to practice as a barber within the state of Kansas. From a judgment in favor of plaintiff, defendants appeal.

The facts, insofar as the determinative question in this appeal is concerned, are briefly as follows:

Plaintiff had been a licensed barber practicing in Kansas from the years 1913 to 1934, inclusive, at which time he retired from practice. In 1939 the legislature enacted chapter 241 of the Laws of 1939 ( G. S. 1949, 65-1808 *et seq.*), being an act relating to the practice of barbering, creating a state board of barber examiners, and defining its powers and duties. Section 12 of the act ( G. S. 1949, 65-1819) provides, in part:

"Every registered barber, . . . shall . . . on or before the first day of January each year, renew his certificate of registration and pay the required fee. Every certificate which has not been renewed as required in any year, shall expire on the thirty-first day of December. . . . Any registered barber who retires fiom the practice of barbering or haircutting for more than three years, may renew his certificate of registation upon the payment of the required restoration fee."

In September, 1946, the plaintiff made a demand by letter on the defendant board for the renewal of his barber's license. The board replied by letter advising plaintiff that anyone who was not registered as a licensed barber in 1939, the year the aforementioned act was passed, must take an examination, and included additional information relative to the examination. On March 8, 1952, plaintiff again made written demand on the defendant board for the restoration of his license to practice barbering, and invited the board's attention to G. S. 1949, 65-1819. The plaintiff enclosed with the letter and demand the necessary fees as provided by statute. Defendant

board replied, refusing again to grant plaintiff a license unless he successfully passed an examination in accordance with the act.

On April 17, 1952, plaintiff filed in the district court of Harvey county a petition for restoration of his barber's license. The petition alleged, substantially, that plaintiff was a resident of Newton, Kansas; that the defendant board was created under the laws of Kansas, naming the members of the board, and that the court had jurisdiction over the subject matter and the defendants therein named, by virtue of G. S. 1949, 65-1829, and further alleged that plaintiff had made written application to the board for restoration of his barber's license, showing the board that plaintiff had been a registered barber through the year 1934; that he was free from any contagious diseases; that his application was accompanied by a check sufficient to cover the fees as provided by statute; that the board failed, neglected and refused to restore to plaintiff his license to practice barbering in the state, in violation of G. S. 1949, 65-1819. Plaintiff prayed that the court order the defendants to restore his certificate of registration to practice barbering within the state, and for all other relief incident thereto, and for costs. The defendant demurred to this petition on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was heard on June 19, 1952, and was sustained by the district court of Harvey county. Plaintiff made no request to amend his petition, and judgment was rendered against him for costs. No appeal was perfected from that judgment.

Subsequent thereto and on March 25, 1953, plaintiff again made written application to the defendant board for the restoration of his barbering license. This application was refused, and on April 21, 1953, plaintiff filed in the district court of Sedgwick county a motion for a writ of mandamus to compel the defendant board to issue to him a certificate of registration as a barber. This motion or petition alleged, substantially, that the plaintiff was a resident of Kansas; that the defendants (naming them) were duly appointed members of the state board of barber examiners as provided by statute, and that the plaintiff was of good moral character and held a certificate to practice barbering in Kansas from 1913 to 1934, inclusive, when he retired; that under G. S. 1949, 65-1817 and 65-1819, plaintiff, who had been retired from the practice of barbering for more than three years, was entitled to have his license restored upon the payment of restoration and renewal certificate fees, and that on March 25,

1953, plaintiff filed an application for restoration of his barber's certificate, along with an affidavit of good health by his doctor, an affidavit of good character by his attorney, and enclosed funds sufficient to cover the statutory fees; that no reply from plaintiff's application had been received from defendants, and that they indicated by their past acts they would not restore said certificate of registration to the plaintiff; that plaintiff had no adequate legal remedy and was entitled to restoration and renewal of his certificate, and prayed for a writ of mandamus ordering the defendant board to issue the barber's license to plaintiff, and for costs. On this motion or petition, the trial court issued a peremptory writ of mandamus, to which defendants lodged a motion to quash, which was overruled. Thereafter the defendants filed their answer which consisted of a general denial, except for certain allegations which were admitted, and set up the further defense that plaintiff's action filed in the district court of Harvey county was fully and finally determined; that the disposition in that action was a final judgment of the rights between the parties, and that the same was *res judicata* as to this cause of action. The case was tried by the court. Plaintiff produced his evidence, at the close of which defendants interposed a demurrer to the evidence and the pleadings, which was overruled. Defendant board offered its evidence consisting solely of the record of the prior proceeding in the Harvey county district court, at the conclusion of which the court held that the Harvey county proceeding was not *res judicata*, and issued a writ directing the defendant board to issue the plaintiff a certificate of registration to practice as a licensed barber in the state. Within the time provided, the defendants filed their motion for new trial, which was overruled, hence this appeal.

The first question for our consideration is whether the action brought by the plaintiff in the Harvey county district court, wherein judgment was entered against him for costs on June 19, 1952, from which no appeal was perfected, was *res judicata* as to the present action.

This state has long followed the rule that to make a matter *res judicata* there must be a concurrence of four conditions, namely, (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and of parties to the action, and (4) identity of the quality in the persons for or against whom the claim is made.

(*A. T. & S. F. Rld. Co. v. Comm'rs of Jefferson Co.,* 12 Kan. 127; *Hofstetter v. Myers Construction, Inc.,* 170 Kan. 464, 227 P. 2d 115.)

We will review the petitions filed by the plaintiff in Harvey and Sedgwick counties, respectively, in order to ascertain whether the requirements of the rule above set forth have been met.

As to identity in the thing sued for: In the Harvey county action filed in 1952, the plaintiff set up that he was a registered barber under the laws of Kansas, being last registered in the year 1934; that the defendant refused to restore him a license to practice barbering, although proper application had been made therefor, and prayed for a court order requiring the defendant board to restore his barber's license to practice within the state, and for other relief necessarily incident thereto. In the Sedgwick county action filed in 1953, he pleaded basicly the same matter, and asked the court to order a writ of mandamus commanding the defendants to issue a certificate of registration. In both cases he asserted as a matter of law and as a matter of right he was entitled to the certificate of restoration. The thing sued for was clearly identical.

As to the identity of the cause of action: In both petitions, the essence of his cause of action was that under the same applicable statutes he was entitled to the issuance of a certificate of registration to practice as a barber.

The two final conditions were also present in this case. Identity of the persons and the parties to the action, and identity of the quality in the persons for or against whom the claim is made, were clearly present in the two suits under consideration. The plaintiff was the same, and both actions name the board of barber examiners of the state, and the individual members thereof, as parties defendant. Potentially, both actions were against the defendant board, the membership of which was the same in 1952 as in 1953, with a single exception, concerning which there was no dispute. As to the quality, there can be no dispute on that point. In each instance, the plaintiff sought a court order against the defendant board, requiring it to issue to him a certificate giving him the right to practice as a barber under the laws of the state. No essential facts were pleaded in the second action which were not pleaded in the first action. This court has long followed the rule that a right, question, or fact directly put in issue and determined by a court of competent jurisdiction cannot be re-litigated between the same parties in a subsequent action. Not only is everything adjudicated between

them which the parties chose to litigate, but everything incidental thereto which properly could have been litigated. In other words, the doctrine of *res judicata* not only prevents the re-litigation of the same matters the second time, but equally applies to bar the litigation of all matters in the second suit which could have been litigated under the facts constituting the cause of action in the first suit. ( *Levi v. Levi*, 149 Kan. 234, 86 P. 2d 473; *Stimec v. Verderber*, 152 Kan. 582, 106 P. 2d 708; *Kearny County Bank v. Nunn*, 156 Kan. 563, 565, 134 P. 2d 635; *Wharton v. Zenger*, 163 Kan. 745, 750, 186 P. 2d 287; *Feldmann v. Feldmann*, 166 Kan. 699, 704, 204 P. 2d 742. )

Whether the Harvey county district court was correct in entering judgment against the plaintiff, is immaterial at this stage of the proceeding. The fact that a judgment of a court of competent jurisdiction may have been erroneous does not preclude application of the principles of the doctrine of *res judicata* when such judgment has not been corrected by appeal or supplemental proceedings and has been allowed to become final and conclusive through inaction on the part of the litigant against whom it was rendered. ( *In re Estate of Bourke*, 159 Kan. 553, 156 P. 2d 501; *In re Estate of Rothrock*, 173 Kan. 717, 252 P. 2d 598. )

It follows that when judgment was rendered against the plaintiff in the Harvey county action, and no appeal was perfected therefrom, that decision became final and the judgment rendered was *res judicata*, and those issues could not be re-litigated in the new action filed between the same parties in the district court of Sedgwick county.

In view of the conclusion reached, it is unnecessary to discuss other questions raised in this appeal. It follows that the judgment of the trial court is reversed and the case is remanded with directions to the trial court to set aside the writ granted in this action and to dismiss the case at the cost of the plaintiff.

It is so ordered.