No. 45,221

HELEN M. ADAMSON, *Appellee*, v. RONALD W. HILL, *Appellant*.

(449 P. 2d 536)

Opinion filed January 25, 1969.

R. L. *White*, of Pittsburg, argued the cause, and J. *Curtis Nettels* and D. J. *Gutteridge, Jr.*, of Pittsburg, and *Charles F. Forsyth*, of Erie, were with him on the brief for the appellant.

*Harold H. Cook*, of Pittsburg, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This is an appeal by the defendant, Ronald W. Hill, from an order sustaining plaintiff's motion for partial summary judgment as to certain issues adjudicated in a prior trial between plaintiff's husband and the defendant which resulted in a general verdict for the husband.

The plaintiff, Helen M. Adamson, died during the pendency of this appeal, and her husband, Alex A. Adamson, has been substituted in her stead. For clarity, however, Mrs. Adamson will continue to be referred to as plaintiff or wife throughout this opinion.

On June 12, 1964, Mrs. Adamson was a passenger in an automobile driven by her husband. Both sustained personal injuries

when their automobile was involved in a collision with one driven by the defendant. The Adamsons filed their joint petition for damages, alleging the collision was caused by defendant's negligence. Defendant filed separate answers to each claim and demanded separate jury trials. In each answer defendant denied he was negligent and alleged as an affirmative defense the collision was caused by the negligence of Mr. Adamson; as to the claim of Mrs. Adamson, defendant alleged she was contributorily negligent in failing to keep a proper lookout for her own safety. At a pretrial conference counsel for the Adamsons elected to proceed to trial on the husband's claim, and with leave of the court, the husband filed an amended petition. It is agreed that the claims of Mr. and Mrs. Adamson were thereafter treated as separate and distinct cases.

Subsequently, Mr. Adamson's case was tried, but the jury was unable to agree on a verdict, and was discharged. A second trial resulted in a general verdict for the husband, and the judgment entered thereon was satisfied.

Mrs. Adamson then filed a motion for partial summary judgment, contending that the issue of defendant's negligence and her husband's contributory negligence had been determined adversely to defendant in the prior trial; that the matter was *res judicata* and not subject to relitigation.

In sustaining the plaintiff's motion, the trial court took judicial notice of the proceedings in the husband's case and found that the general verdict in favor of the husband resolved all issues relating to the negligence of both drivers, as well as causation, and the principle of *res judicata* precluded relitigation of those issues. Thereupon, the court entered judgment in plaintiff's favor, finding that defendant was negligent, which negligence was the proximate cause of the collision between the two vehicles. In a letter to the attorneys, the trial judge made clear the only issues remaining for trial in Mrs. Adamson's case were (1) her contributory negligence as a passenger, (2) what injuries she sustained as a proximate result of the collision, and (3) the amount of damages.

Defendant contends that the prior judgment is in no way binding or conclusive on him in the present case, and that he is entitled to a trial on all issues, including the issue of his own negligence. The plaintiff, on the other hand, urges that although she was not a party to the litigation in her husband's case, she is nevertheless entitled to the benefit of the judgment adjudicating defendant's

negligence and proximate cause. Of course, the issue of plaintiff's contributory negligence remains to be determined even if the trial court's ruling is sustained.

Thus, the question posed is whether or not a judgment for a plaintiff in an earlier action is *res judicata*, or conclusive, as to the issues of negligence and contributory negligence of the respective drivers in a subsequent action growing out of the same accident by a different plaintiff against the same defendant.

Defendant seeks to support his position by relying on the general rule that a plea of *res judicata* may be asserted only by a person who was a party or in privity with a party to the prior action. This in turn is based upon the doctrine of mutuality of estoppel; that is, a litigant can invoke the conclusive effect of the prior judgment only if he would have been bound by it had it gone the other way. (1B Moore's Federal Practice § 0.412; James Civil Procedure [1965 Ed.] § 11.31; "Mutuality and Conclusiveness of Judgments," 35 Tulane, L. R. 301; 30A Am. Jur., Judgments § 392; 50 C. J. S., Judgments § 765.) More simply stated, the requirement of mutuality means that unless both parties are bound by the prior judgment, neither may use it against the other in a subsequent action. (See, *B. R. DeWitt, Inc. v. Hall,* 19 N. Y. 2d 141, 278 N. Y. S. 2d 596.)

The Restatement expresses the mutuality requirement in language to the effect that a person who is not a party or privy to a party to an action in which a valid judgment other than a judgment *in rem* is rendered is not bound by or entitled to claim the benefits of an adjudication upon any matter decided in the action. (Restatement of Judgments § 93.)

Situations in which the doctrine of mutuality operates to prevent a litigant from invoking the conclusive effect of a prior judgment usually involve, in a technical sense, principles of collateral estoppel rather than *res judicata.* The distinction was noted in *Lawlor v. National Screen Service,* 349 U. S. 322, 99 L. Ed. 1122, 75 S. Ct. 865:

". . . [U]nder the doctrine of *res judicata,* a judgment 'on the merits' in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, such a judgment precludes relitigation of issues actually litigated and determined in the prior suit, regardless of whether it was based on the same cause of action as the second suit. . . ." (p. 326.)

As applied to the facts in the instant case, the requirement of mutuality would preclude plaintiff, a stranger to her husband's case, from asserting against the defendant the prior judgment relating to

the issues of the respective drivers' negligence and causation, because she was not a party to that suit, and further, she would not have been bound had the judgment in the prior case gone the other way and exonerated the defendant from liability.

The majority of courts throughout the country recognize and apply the doctrine of mutuality, subject to certain exceptions not germane to the factual situation here. (30A Am. Jur., Judgments § 392; 50 C. J. S., Judgments § 765; Annos. 133 A. L. R. 181, 23 A. L. R. 2d 710.) Indicative of this conclusion, and especially apropos to the instant case, is the statement by the author of the annotation appearing in 23 A. L. R. 2d 710, 717:

"Most courts of last resort which have considered the question have continued to hold, in conformity with the rule announced in the earlier annotation [133 A. L. R. 181, 185], that a judgment for the plaintiff in an action growing out of an accident was not res judicata, or conclusive, as to issues of negligence or contributory negligence, in a subsequent action growing out of the same accident, by a different plaintiff against the same defendant."

The plaintiff here seeks to uphold the lower court's ruling on the basis of the so-called *Bernhard* doctrine enunciated in *Bernhard v. Bank of America*, 19 Cal. 2d 807, 122 P. 2d 892, in which the court, in effect, renounced the traditional concept of mutuality of estoppel and confined the requirement of privity to the party *against whom* the plea of *res judicata* is asserted. The import of the decision is that where there is identity of issues between two suits, a party against whom judgment has been rendered in one suit is bound thereby in the other suit, even though his adversary who invokes the prior adjudication was not a party or privy to the suit in which the judgment was rendered, and would not have been bound had the judgment gone the other way. In the opinion, Justice Traynor stated:

"The criteria for determining *who may assert* a plea of res judicata differ fundamentally from the criteria for determining *against whom* a plea of res judicata may be asserted. The requirements of due process of law forbid the assertion of a plea of res judicata against a party unless he was bound by the earlier litigation in which the matter was decided. . . . There is no compelling reason, however, for requiring that the party *asserting* the plea of res judicata must have been a party, or in privity with a party, to the earlier litigation.

. . . . . . . . . . . . . .

"In determining the validity of a plea of res judicata three questions are pertinent: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the

merits? Was the party *against whom* the plea is asserted a party or in privity with a party to the prior adjudication? . . ." (pp. 811-813.) (Emphasis added.)

The trial judge, in his memorandum opinion in the instant case, posed the three questions set forth in *Bernhard*, answered them affirmatively, and held the plea of *res judicata*, or more properly, collateral estoppel, could be invoked *against the defendant*.

It is interesting to note that even under the *Bernhard* doctrine plaintiff would not have been bound by a judgment in favor of defendant in the prior action, because plaintiff, being the *party against whom* the plea was being asserted, had not had her day in court.

We find that several other jurisdictions have voiced dissatisfaction with the requirement of mutuality and embraced the *Bernhard* doctrine (*e. g., Israel v. Wood Dolson Co.*, 1 N. Y. 2d 116, 134 N. E. 2d 97; *B. R. DeWitt, Inc. v. Hall*, supra; *Sanderson v. Balfour*, _____ N. H. _____, 247 A. 2d 185; *United States v. United Air Lines, Inc.*, 216 F. Supp. 709 [D. Nev. 1962], affirmed and opinion adopted in *United Air Lines, Inc. v. Wiener*, 335 F. 2d 379 [9th Cir. 1964], cert. dismissed 379 U. S. 951, 13 L. Ed. 2d 549, 85 S. Ct. 452; *State of Maryland v. Capital Airlines, Inc.*, 267 F. Supp. 298 [D. Md. 1967]).

In actual practice, despite the broad terms in which the *Bernhard* doctrine was expressed by Justice Traynor, it for the most part has been used *defensively* by one not a party to the first action against one who was a party to the first action and had his day in court upon the issues which the judgment decided, rather than applied affirmatively to establish negligence in favor of a nonparty to the previous litigation, such as in the instant case. (*Sanderson v. Balfour*, supra. Also, see, "Mutuality and Conclusiveness of Judgments," 35 Tulane L. R. 301, 307; 1B Moore's Federal Practice § 0.412 [1] p. 1807; James Civil Procedure [1965 Ed.] § 11.34, p. 601. *Contra, B. R. DeWitt, Inc. v. Hall*, supra; *State of Maryland v. Capital Airlines, Inc.*, supra.) In other words, the courts are more inclined to permit use of the doctrine as a "shield" by one not a party to the first action, but not as a "sword."

The recent case of *Spettigue v. Mahoney*, 8 Ariz. App. 281, 445 P. 2d 557, involved a similar factual situation as here in which the plaintiffs, who were not parties or privy to prior litigation which resulted in a judgment against the defendant, sought the benefit of the adjudication of negligence and proximate cause rendered in the

first action, against the same defendant. The affirmative application of the *Bernhard* doctrine to establish negligence in favor of non-parties to previous litigation was thoroughly discussed in the court's opinion. The reasoning of the Arizona court, in rejecting plaintiffs' request to so apply the doctrine, appears sound to us. The unfairness of the doctrine when applied *offensively* is emphasized in the following language:

". . . If the *Bernhard* doctrine can be used offensively, then it is to a plaintiff's advantage, when there are several persons injured in a single accident, to use his superior powers to keep his claim out of the legal arena until there has been another plaintiff's judgment arising out of the same events.

. . . . . . . . . . . . . . . . . .

". . . We are reluctant to adopt a rule which would incline a plaintiff to maneuver to advance on the calendar another plaintiff's case with more jury-appeal rather than seek consolidation with other plaintiffs to determine liability. . . ." (pp. _____.)

The basic unfairness is demonstrated even more when the doctrine is applied to a situation where a great number of passengers are injured or killed in an airplane crash. Under such circumstances, the defendant airline, deprived of the protection afforded by the doctrine of mutuality, would be in the unenviable position of having to win each suit against it by defending on the merits, since judgment against one plaintiff would not bar another; but if the defendant lost one suit on the merits, it would be precluded from defending on the merits all other suits against it which had not yet proceeded to judgment. Further, we are unimpressed with the argument advanced by some proponents of the doctrine that its application will serve the public interest by minimizing litigation. (See, *State of Maryland v. Capital Airlines, Inc.*, supra; "Mutuality and Conclusiveness of Judgments," 35 Tulane L. R. 301, 310, 311; 1B Moore's Federal Practice § 0.412 [1]; James Civil Procedure [1965 Ed.] § 11.34.)

In a factual situation such as is presented here we find no compelling reason to depart from our prior law. We have long followed the rule that an issue is *res judicata* only when there is a concurrence of four conditions, namely, (1) identity in the things sued for, (2) identity of the cause of action, (3) identity of persons and parties to the action, and (4) identity in the quality of the persons for or against whom the claim is made. (*McDonald v. Joint Rural High School District No. 9*, 180 Kan. 563, 306 P. 2d 175; *Kenoyer v. Board of Barber Examiners*, 176 Kan. 424, 271 P. 2d 267;

*Hofstetter v. Myers Construction, Inc.,* 170 Kan. 464, 227 P. 2d 115; *Atchison & Eastern Bridge Co. v. Atchison County Comm'rs,* 150 Kan. 24, 91 P. 2d 34; *Rea v. Telephone Co.,* 88 Kan. 82, 127 Pac. 603.) Inherent in the above rule is the requirement of mutuality discussed earlier in the opinion. With respect to persons in whose favor or against whom the doctrine of *res judicata* is applicable, a former adjudication is binding only on parties in the proceedings in which it is rendered, and their privies. (*Wharton v. Zenger,* 163 Kan. 745, 186 P. 2d 287; *Wear v. Wear,* 130 Kan. 205, 285 Pac. 606, 72 A. L. R. 425. Also, see, *Hofstetter v. Myers Construction, Inc.,* supra.) The doctrine does not operate to affect strangers to the judgment, that is, those who, like the plaintiff, were neither a party nor privy to a party in the litigation. Thus, a stranger is not precluded from maintaining an action, although the issues therein were determined in a prior judgment in favor of the same defendant. (*Richardson v. Erwin,* 174 Kan. 314, 255 P. 2d 641.) Neither can the stranger claim the benefit of such judgment had it gone the other way.

We hold that the plaintiff herein is not entitled to the benefit of the adjudication of defendant's negligence and proximate cause in her husband's case. The prior judgment is in no way binding or conclusive, and the parties in the present action are entitled to a trial on all issues.

The judgment of the lower court is reversed and the case remanded with directions to proceed in accordance with the views expressed in this opinion.