No. 45,490

HARLEY A. COFFEY, Administrator De Bonis Non Cum Testamento Annexo, and ALBERT H. ROBERT, *Cross-Appellants,* v. RALPH T. GILBERT and EARLE N. WRIGHT, *Cross-Appellees.*

(461 P. 2d 747)

Opinion filed December 6, 1969.

*Franklin R. Theis,* Arkansas City, argued the cause and was on the brief for cross-appellants.

No appearance for cross-appellees.

The opinion of the court was delivered by

FROMME, J.: The cross-appeal in this case is from an order refusing to require a refund of attorney fees previously paid by an administrator to attorneys who successfully defended a will contest.

These parties have appeared three times before this court on matters connected with the estate of Charles T. Roberts, deceased.

In 1963 Albert H. Roberts appealed a decision of the Cowley district court ordering the last will and testament of Charles T. Roberts, deceased, admitted to probate. The order was affirmed on appeal. (See *In re Estate of Roberts,* 192 Kan. 91, 386 P. 2d 301.)

In 1967 Albert H. Roberts appealed a decision of the Cowley district court denying specific performance of a contract to transfer the property in the estate of Charles T. Roberts to Albert H. Roberts. The decision was reversed on appeal and the district court was directed to enter a decree of specific performance of the contract in favor of Albert H. Roberts. (See *Roberts v. Coffey, Administrator,* 198 Kan. 695, 426 P. 2d 30.)

The sole question in the present cross-appeal is whether the

cross-appellants, Harley A. Coffey, Administrator, and Albert H. Roberts are foreclosed from further litigating the legality of a $3500 attorney fee previously allowed and paid to Ralph T. Gilbert and Earle N. Wright.

In the court below the attorneys Gilbert and Wright applied for and were denied additional fees. Notice of appeal was served but their appeal was abandoned. Coffey, as administrator, and Roberts perfected this cross-appeal. The sole question here is on the cross-appeal.

A motion to dismiss the cross-appeal was filed by Gilbert and Wright. It was denied by this court with permission to renew on the merits. The motion was orally renewed during oral argument but Gilbert and Wright did not appear or file briefs in opposition to the cross-appeal. The motion to dismiss the cross-appeal is denied.

We return to a consideration of the cross-appeal.

The $3500 attorney fee with which we are concerned was allowed by the district court in the will contest case and approved by this court in *In re Estate of Roberts*, 192 Kan. 91, 386 P. 2d 301. The cross-appellants argue the fee was illegally and improperly allowed and paid, and that allowance was not final even though it was considered and approved. They contend our inquiry in *Roberts* was limited to whether the total attorney fees allowed were excessive.

We have examined the abstract and briefs in the will contest case and find the parties who litigated that matter were aligned as follows:

Albert H. Roberts was contesting the will. He, as appellant, was represented by Frank G. Theis, attorney.

Helen Roberts May, Marlene Roberts, natural guardian of Kim Leslie Roberts, a minor, and Kim Leslie Roberts, a minor, appeared as proponents of the will. They, as appellees, were represented by Earle N. Wright, Ted M. Templar and Ralph W. Gilbert, attorneys.

Harley A. Coffey, administrator, appeared as cross-appellant on the question of the allowance of attorney fees. He was represented by Grant H. Cole, attorney.

In that case the district court on appeal from the probate court had allowed attorneys' fees as follows:

Frank G. Theis, attorney for appellant, $3000; Earle N. Wright and Ralph W. Gilbert, attorneys for appellees, $3500; Tom Pringle, guardian ad litem, $400.

The administrator, Harley A. Coffey, in his notice of cross-appeal in that case stated he desired to have a review of the order allowing fees for various reasons which included the following:

"1. That the trial court did not have authority or jurisdiction to order said attorneys' fees and guardian ad litem fees.

. . . . . . . . . . .

"3. The attorneys' fees awarded in said order were not proper due to the provisions of G. S. 59-1504 (1949)."

He likewise specified these two matters as error. In addition he claimed the fees were excessive, considering the value of said estate. His brief was limited to argument and authority to support these contentions. The brief of Albert H. Roberts and the brief of the proponents of the will did not speak to the questions raised by the administrator in regard to the attorney fees.

An examination of our reported opinion in *In re Estate of Roberts,* supra, will disclose the subject of these attorney fees was fully covered. The provisions of G. S. 1949, 59-1504, 59-2408 and 60-3706 were considered, construed and applied. We incorporate what was said in that opinion concerning the allowance of the attorneys fees. It is sufficient here to note that the $3000 fee allowed in the district court to Frank G. Theis as attorney for the unsuccessful contestant was disallowed on appeal. The fee of Tom Pringle, as guardian ad litem was approved in the sum of $400. The fee of $3500 to Earle N. Wright and Ralph W. Gilbert as attorneys for the successful proponents of the will was approved.

Our opinion in Roberts was filed November 2, 1963. On December 18, 1963, the $3500 fee was paid by the administrator, Harley A. Coffey, to Earle N. Wright and Ralph W. Gilbert. We are of the opinion the doctrine of *res judicata* is applicable.

When all parties are in court and the court has jurisdiction to determine the issues directly involved in the action, a judgment therein entered becomes *res judicata* not only as to all matters specifically and formally determined but also as to all matters which might and should have been determined. (*Boyles v. Emery,* 159 Kan. 300, 153 P. 2d 936.) This general rule is founded upon the sound policy of promoting a finality in litigation and of preventing litigants from being compelled to again defend in matters directly involved in a prior action. (*Boyles v. Emery,* supra; *Stimec v. Verderber,* 152 Kan. 582, 106 P. 2d 708.)

In *Wharton v. Zenger,* 163 Kan. 745, 186 P. 2d 287, the rule was stated in this manner:

". . . [T]he doctrine of *res judicata* not only prevents the relitigation of identical facts and questions a second time but bars the litigation of all matters in a subsequent action which might and should have been determined in the first one (citing cases)." (p. 750)

In *Adamson v. Hill,* 202 Kan. 482, 449 P. 2d 536, it was said:

"The rule that a plea of *res judicata* may be asserted only by a person who was a party or in privity with a party to the prior action is based on the doctrine of mutuality of estoppel; that is, a litigant can invoke the conclusive effect of a prior judgment only if he would have been bound by it had it gone the other way." (Syl. ¶ 2)

In the prior case if the $3500 allowance of fee had been disallowed on appeal it could hardly be said, that the judgment would not be conclusive on the rights of Wright and Gilbert. The prior judgment remains unchallenged as to the fee allowed to the guardian ad litem and as to the $3000 fee disallowed to Frank G. Theis as attorney for Albert H. Roberts. In addition the fee now challenged was paid by the administrator who now joins with Albert H. Roberts in an attempt to obtain a refund of the attorney fee previously paid. Both cross-appellants took part in the previous appeal and were bound by that decision.

We conclude the order of the district court denying the cross-appellants' claim for recoupment was proper.

The judgment is affirmed.